W. B. TROGDON v. BEN K. TERRY.

(Filed 22 November, 1916.)

**1. Assaults—Threats of Violence.**

> A person is guilty of an assault in law when he by a show of violence and force puts another in fear and thereby forces him to commit some act which otherwise he would not have done.

**2. Same—Abusive Language—Punitive Damages.**

> In an action to recover damages for an assault, the defendant wrote an apology or retraxit for the plaintiff to sign in relation to a statement he had written to another, entered the public dining-room where he knew the plaintiff was dining, and, carrying a walking stick on his arm or in his hand, threatened the plaintiff with abusive language, in an attitude to do him personal violence, and caused him to sign the paper against his will. *Held*, sufficient evidence of malice to sustain a verdict awarding, in the discretion of the jury, punitive damages for the assault.

CIVIL ACTION tried at May Term, 1916, of GUILFORD, *Cline, J.,* upon these issues:

1. Did the defendant unlawfully and wrongfully assault the plaintiff, as alleged in the complaint? Answer: "Yes."

2. What actual damages, if any, is the plaintiff entitled to recover of the defendant? Answer: "$1,000."

3. What punitive damages, if any, is the plaintiff entitled to recover of the defendant? Answer: "$1,500."

From the judgment rendered, defendant appealed.

*Brooks, Sapp & Williams for plaintiff.*
*Morehead & Morehead for defendant.*

BROWN, J. This action was instituted to recover damages on account of an assault alleged to have been committed by the defendant upon the plaintiff in July, 1915, in the dining-room of the hotel at Draper in Rockingham County. The plaintiff alleges that the assault was the result of ill-will and bad feeling which the defendant had entertained against the plaintiff for two years prior to the assault. It is useless to set out at length much of the evidence in the discussion of this case.

The substantial facts are that on 3 July, 1913, the plaintiff wrote one Pitcher a letter in which he stated that the defendant had been making statements defamatory to plaintiff, and insinuating that Pitcher was his authority to the effect that the plaintiff was responsible for the trouble arising from the incorrect location of the Nantucket Mill. (It is in evidence that the plaintiff is a civil engineer.) The latter denies the charge and states: "This is a false charge, and is as much an injustice to you as it is to me."

In July, 1915, the plaintiff was in the hotel dining-room at Draper eating his dinner. The defendant finding that he was there, wrote out a so-called retraxit and went into the dining-room with his cane and compelled the plaintiff, by threats to do him bodily harm, to sign the paper against his will.

We have carefully considered the six exceptions to the evidence, and find them to be without merit, and do not think they need any discussion. We have likewise carefully considered the several exceptions to the charge of the judge, and in the view that we take of the case it is unnecessary that we should review those assignments of error. Although we were necessarily impressed with the earnestness and force of the argument of the learned counsel for the defendant, yet an examination of the defendant's own evidence leads us to the conclusion that his Honor, instead of leaving the question to the consideration of the jury upon all the evidence, might well have instructed them that upon the defendant's own evidence he was guilty of an assault upon the plaintiff, and to have answered the first issue "yes." This view of the case eliminates the necessity of discussing the several assignments of error to the charge.

The defendant admitted that when he learned that the plaintiff was to take dinner in the hotel he wrote the paper which he called "an apology and retraction," and that then he picked up his walking stick and hung it on his arm, walked down to where the plaintiff was sitting; that he said to the plaintiff, "I want you to read this paper"; that plaintiff read it and asked, "What do you want me to do?" Defendant said: "I want you to sign it." Plaintiff said: "I will think about it."

Defendant says: "No, you won't think about it; you are going to sign it now!" Plaintiff said: "Suppose I do not sign it?" Defendant says: "I will whip hell out of you!" Plaintiff says: "I have not read it, but I will sign it." Defendant says: "No, you are lying when you say you have not read it; but you can sign it that way."

Defendant picked up the paper and read it to plaintiff. Plaintiff signed it. Mr. Lindsay witnessed. it. Defendant says: "Trogdon, I do not want to ever hear of your writing or saying anything else about me, you damned, contemptible puppy!"

There is evidence that while this was going on at the table the defendant had his walking stick on his arm or in his hand, ready for action.

The motion for nonsuit was properly overruled. The contention that these facts do not constitute an assault cannot be maintained. It is well settled that where one person, by a show of violence and force, puts another in fear and forces him to leave a place where he has a right to be, or to commit some act which he otherwise would not perform, is guilty of an assault. *S. v. Martin*, 85 N. C., 509; *S. v. Church*, 63 N. C., 15; *S. v. Rawles*, 65 N. C., 334; *S. v. Hampton*, 63 N. C., 13.

In the latter case, as the prosecutor was going in a crowd down the staircase leading out of the courthouse, the defendant turned to him and with right hand clinched and his right arm bent at his side but not drawn back, said: "I have a great mind to hit you"; that before this, and as the crowd was leaving the courthouse, the defendant had said: "If the crowd will go along to see, I will cowhide Lindsey"; that Lindsey had no way to go down that staircase but by pushing past the defendant; and that he turned away from the defendant and went down another staircase The Court held that the defendant was guilty of an assault.

In the case under consideration the defendant approached the plaintiff in a public dining-room and with a walking stick, evidently with the purpose of using it unless the defendant signed the paper-writing. In a most violent and abusive manner, with his stick in view, he forced the plaintiff against his will to sign the paper. In our judgment, according to the defendant's own evidence, he was guilty of an unjustifiable assault upon the plaintiff.

In this connection it is well to repeat the admonition of *Mr. Justice Walker* in *Saunders v. Gilbert*, 156 N. C., 481: "We again remind those who are disposed to take the law into their own hands and punish their enemies or a supposed wrongdoer, that there is a sufficient legal remedy for every alleged grievance, and if they will not resort to the

courts where it can be enforced, but prefer to act in defiance of constituted authority, the fault and the consequences will all be theirs, and they have no reason to complain if that same offended law, whose peaceful methods they have ignored, rebukes their defiance with heavy damages."

As to the question of damages, we find no error, either in the admission of testimony or in his Honor's charge. The plaintiff was plainly entitled to compensatory damages (*Ammons v. R. R.*, 140 N. C., 200) for the humiliation and mental suffering, the result of the assault. There was abundant evidence of malice upon which the jury in their discretion were warranted in inflicting punitive damages.

No error.