SARAH L. BEANBLOSSOM, ADMINISTRATRIX OF THE ESTATE OF BETTY
LOUISE LEONARD, DEC'D. v. HAYWOOD THOMAS, ANDERSON
TRUCK LINES, INC., AND CHARLIE WILSON ANDERSON.
DAVID O. TETTER, ADMINISTRATOR OF WANDA LOUISE TETTER, DE-
CEASED v. HAYWOOD THOMAS, ANDERSON TRUCK LINE, INC., AND
CHARLIE WILSON ANDERSON.
PATRICIA ANN BROWNING v. HAYWOOD THOMAS, ANDERSON
TRUCK LINE, INC., AND CHARLIE WILSON ANDERSON.

AND

FLORENCE BROWNING v. HAYWOOD THOMAS, ANDERSON TRUCK
LINE, INC., AND CHARLIE WILSON ANDERSON.

AND

ANNA CHRISTINE BROWNING, BY HER NEXT FRIEND, LAWRENCE BROWN
v. HAYWOOD THOMAS, ANDERSON TRUCK LINE, INC., AND
CHARLIE WILSON ANDERSON.

(Filed 14 January, 1966.)

**1. Appeal and Error § 19—**

An assignment of error not based on an exception appearing in the case
on appeal will not be considered.

**2. Evidence § 56—**

Where the statement of a witness is not in contradiction of prior tes-
timony given by him, such statement cannot be held competent as im-
peaching evidence.

**3. Evidence § 35—**

Opinions of a nonexpert witness on the issue are inadmissible when the
material facts can be placed before the jury.

**4. Evidence § 19; Automobiles § 37—**

Testimony of an officer investigating the accident that he did not charge
one of the drivers involved therein with any traffic violation, is incompe-
tent.

**5. Appeal and Error § 41—**

The admission of incompetent evidence does not entitle appellant to a
new trial when, under the peculiar circumstances of the case, there is no
reasonable probability that the evidence affected the result of the trial.

**6. Automobiles § 46—**

In this action, one driver admitted negligence and the trial turned upon
whether the other driver was guilty of concurring negligence. The court
explained joint and concurring negligence and instructed the jury that if
the negligence of both drivers concurred in proximately causing the acci-
dent to answer the issue in the affirmative, because in such event the
contesting driver and his superior would be liable. *Held:* The correct in-
struction is not subject to objection that it required the jury to find the
negligence of the contesting driver was solely responsible for the collision
in order to render an affirmative verdict.

**7. Automobiles § 10— Distance required to be maintained between vehicles traveling in same direction.**

A motorist is required to maintain that distance behind the preceding motorist which is reasonable and prudent under the circumstances so as to enable him to avoid injury, taking into consideration conditions of the road and weather, other traffic on the highway, characteristics of the vehicle he is driving as well as the one ahead, the relative speed of the automobiles, and his ability to control and stop his vehicle should an emergency require it, G.S. 20-152(a), and while he is not required to anticipate negligence on the part of others, he is required to anticipate the usual exigencies of traffic under like circumstances.

**8. Automobiles § 46—**

The charge of the court in this case as to the following motorist's duty to maintain such distance behind the preceding vehicle as is reasonable and prudent under the circumstances *held* without prejudicial error when construed contextually.

**9. Trial § 33—**

Excerpts from a charge will not be held for error when the charge, construed in context, correctly states the applicable principles of law.

PARKER, J., dissents.

APPEAL by plaintiffs from *Armstrong, J.,* May 31, 1965 Civil Session of DAVIDSON.

These five actions arise out of a three-car collision. In three of the cases, plaintiffs seek to recover damages for personal injuries; in the other two, damages for the wrongful deaths of their intestates. They were consolidated for trial, argued together on appeal, and will, therefore, be treated as one case.

These facts are not disputed: At approximately 2:10 a.m., on March 21, 1964, Betty Louise Leonard, aged 27 (the intestate of plaintiff Sarah L. Beanblossom), was driving a 1961 Ford Falcon station wagon belonging to plaintiff Mrs. Florence Browning, aged 44, in a northerly direction on U. S. Highway No. 29 in the Rockingham County community of Ruffin. The posted speed limit was 45 MPH; the paved portion of the highway was 22 feet wide, with a 10-foot shoulder on the east side. Mrs. Browning occupied the front seat on the right. Her daughter, plaintiff Anna Christine Browning, aged 9, was asleep between her and the driver. In the back of the station wagon, plaintiff Patricia Ann Browning was asleep on the right immediately behind her mother. Wanda Louise Tetter, aged 16 (the intestate of plaintiff David O. Tetter), was sleeping on the left behind the driver. It was misting, and the road was wet. At this time, defendant Thomas, operating a 1953 Chevrolet, was traveling south, meeting the Falcon. Thomas was drunk.

Following the station wagon, also traveling north, was defendant Charlie Wilson Anderson, who was operating the tractor-trailer of defendant Anderson Truck Line, Inc. in the course and scope of his employment by that corporation.

Thomas drove his Chevrolet across the center line of the highway and collided with the station wagon, which was entirely to its right of the center. The impact knocked the Falcon athwart the northbound lane, and the front of the tractor-trailer collided with its left side. The Chevrolet struck the left side of the truck and came to rest, headed north, against the rear of the 50-foot trailer, which was damaged slightly. After the collision, the left front of the Chevrolet was completely demolished. The right wheels of the tractor were on the shoulder; the left front wheel of the tractor was pushed up into the left front door, and its bumper "was into the window," of the station wagon. The left side of the Falcon was smashed over on the driver, Betty Louise Leonard.

From the point of collision, the highway is level and straight for one-tenth of a mile to the north and three-tenths of a mile to the south.

Betty Louise Leonard was dead as a result of the collision when the highway patrolman arrived at the scene a very few minutes after the accident. Wanda Louise Tetter died the next day. The other three plaintiffs received serious injuries varying in degree and permanency.

Plaintiffs allege the joint and concurring negligence of Thomas and Anderson. Defendant Anderson and his employer, Anderson Truck Line, Inc., deny these allegations and aver that the collisions were caused solely by the negligence of Thomas. At the pretrial conference, defendant Thomas and his liability insurance carrier, Allstate Insurance Company, conceded his actionable negligence and stipulated that the issue of negligence might be answered against him in each case. Thomas is insolvent. The limits of his liability insurance are, for bodily injuries, $5,000.00 for each person and $10,000.00 for each accident; for property damage, $5,-000.00 in any one accident. The application of this insurance, to be made after the jury had fixed the damages of each plaintiff, was also covered by the stipulation.

Upon the trial, the jury awarded plaintiffs damages totalling $69,450.00. The jury answered No to the second issue: "Were the plaintiffs' intestates, Betty Louise Leonard and Wanda Louise Tetter, injured and killed and plaintiffs Florence Browning, Patricia Ann Browning, and Anna Christine Browning, injured and damaged by the joint and concurrent negligence of Charlie Wilson Anderson, as alleged in the complaint?"

In brief summary, except when quoted, plaintiffs' evidence with reference to the second issue follows (evidence tending to establish facts previously stated not being repeated). G. S. Conrad, the investigating patrolman, testified: At the scene, defendant Anderson told him he was traveling north on Highway No. 29, at approximately 30 MPH, following the station wagon at a distance of 5-6 car lengths, or from 85-102 feet, when he saw the Thomas Chevrolet, traveling south "at a pretty good speed," cross the center line, strike the station wagon in its lane, and knock it into his tractor. On March 25, 1964, while she was still in the hospital, Mrs. Florence Browning told Conrad that she had not seen the truck prior to the accident. Later, during the criminal trial of defendant Thomas in the Superior Court, she told Conrad that she remembered seeing the truck immediately behind them.

Mrs. Florence Browning testified: Five minutes or so before the accident she observed the truck about one-car's length behind the station wagon.

"At the time he (Thomas) cut over into our lane he was about 50 feet from us. At that time, I tried to protect my little girl and glanced around to see if there was any place for us to go. When I glanced around, I could see that the truck was still behind us. I would say that the truck was still behind us one car-length at that time. . . . I would say that just a second or two elapsed between the first collision with the defendant Thomas' automobile and the second collision with the truck owned by Anderson Truck Lines."

Defendant Thomas offered no evidence. Defendant Charlie Wilson Anderson testified: About half a mile south of Ruffin, he overtook the Falcon, which was being driven about 40 MPH. He reduced his speed and followed it at a distance of about 150 feet. Because the road was wet that night, at 30 MPH he required 150-160 feet in which to stop the truck. Six or seven hundred yards south of the place of collision, the Falcon slowed to about 30 MPH. He slowed down proportionately. He was still 150 feet behind the Falcon when he saw the Chevrolet, 30 or 40 feet from the station wagon, come across to its left side of the road and swerve right into the Falcon.

"The Falcon came right back in front of me and I hit my brakes and cut to the right to dodge it, but it came right back into us. . . . I would say that I was practically stopped when I came into contact with the Falcon. When the Falcon came into contact with the truck I hardly felt it at all—it never jarred at all."

From the judgment entered in each case, that plaintiff recover the amount of his or her award against Thomas and nothing against the other two defendants, each plaintiff appeals.

*Frank C. Ausband for Sarah L. Beanblossom, Administratrix of the Estate of Betty Louise Leonard, plaintiff appellant.*

*Ferree, Anderson, Bell & Ogburn for David O. Tetter, Administrator of Wanda Louise Tetter, plaintiff appellant.*

*Spry, Hamrick & Doughton for Patricia Ann Browning, Florence Browning, and Anna Christine Browning, plaintiff appellants.*

*Jordan, Wright, Henson & Nichols and Edward L. Murrelle for defendant appellees.*

SHARP, J. Plaintiffs' first assignment of error relates to the form of the second issue. This assignment is not based on an exception appearing in the case on appeal and, for that reason, will not be considered. *Carpenter, Solicitor v. Boyles,* 213 N.C. 432, 196 S.E. 850. The second assignment is to the ruling of the court allowing Patrolman Conrad to answer the following question on cross-examination:

"Q. Based upon your full and complete investigation of this accident, you didn't charge Charlie Wilson Anderson with any traffic violation did you?
"A. No, Sir, I didn't."

The purpose of this question could only have been to impeach the officer, or to inform the jury that, in the opinion of the patrolman, the truck driver was not at fault. Under the facts in this case, it was not competent for the first purpose, and, in no case, could it be competent for the second. Opinions of a nonexpert witness on the issue of negligence are inadmissible where the material facts can be placed before the jury. *Mason v. Gillikin,* 256 N.C. 527, 124 S.E. 2d 537; *Wood v. Insurance Co.,* 243 N.C. 158,. 90 S.E. 2d 310; *State v. Cuthrell,* 233 N.C. 274, 63 S.E. 2d 549; Stansbury, N. C. Evidence § 124 (2d Ed. 1963). It is also the rule with us that evidence of a defendant's conviction in a criminal prosecution for the very acts which constitute the basis of the liability sought to be established in a civil suit is not admissible unless such conviction is based on a plea of guilty. *Trust Co. v. Pollard,* 256 N.C. 77, 123 S.E. 2d 104; *Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1; *Swinson v. Nance,* 219 N.C. 772, 15 S.E. 2d 284; *Warren v. Insurance Co.,* 215 N.C. 402, 2 S.E. 2d 17; Stansbury, *op. cit. supra* § 143. *Cf. Taylor v. Taylor,* 257 N.C. 130, 125 S.E. 2d 373. Ordinarily, for the purpose of impeachment, a witness may be cross-examined with

respect to *his* previous conviction of crime, but it is thought that to admit such evidence in a damage action growing out of the same accident would cause the jury to give undue weight to the conviction. *Watters v. Parrish, supra. A fortiori,* the *patrolman's* testimony that defendant Anderson was *never charged with crime* in connection with the accident in suit was incompetent either to corroborate Anderson or to exonerate him of negligence in the civil action. The admission of the challenged evidence was, therefore, clearly erroneous.

It does not necessarily follow, however, that the error was prejudicial to these plaintiffs. The evidence at the trial showed that if defendant Anderson was guilty of a violation of the criminal law, it was in following the Falcon too closely. G.S. 20-152(a). It further discloses, however, that at the time the patrolman made his investigation of the wreck he had no evidence which would have justified such a charge against Anderson. Without objection, Conrad testified, "When there is a rear-end collision, I try to obtain evidence to ascertain whether one vehicle was following more closely to another one." According to all the evidence, *at no time* did Mrs. Browning ever tell Conrad that the truck was only a car's length behind the Falcon when the Chevrolet hit it. According to Conrad, it was during Thomas' criminal trial that she first told him she had seen the truck prior to the accident. At that time, she said the truck was "immediately behind the car." Mrs. Browning denied that she ever told Conrad she did not see the truck prior to the accident. "I don't remember telling him, not to my knowledge," she said. Anderson's statement to the patrolman at the scene certainly suggested no violation by him of the criminal law, nor did that of Mrs. Browning, whether we accept her version of it or that of Conrad. Obviously, the patrolman's decision not to charge Anderson with any violation of the law was based on the information he secured at the time he made his investigation, and the jury must have understood this. We see no "reasonable probability the result of the trial might have been materially more favorable" to plaintiffs had their objection to this evidence been sustained. *Waddell v. Carson,* 245 N.C. 669, 97 S.E. 2d 222.

The other assignments of error argued by plaintiffs relate to the charge.

The court, after fully explaining joint and concurring negligence, instructed the jury that if the negligence of both Thomas and Anderson concurred in proximately causing the deaths and injuries in suit it would answer the second issue YES "because, upon such a finding, defendants Charlie Wilson Anderson and Anderson Truck

Lines, Inc. would be liable . . . exactly as if the defendant Charlie Wilson Anderson was solely responsible for the proximate cause of such deaths and alleged injuries." The exception to this portion of the charge, the subject of assignment of error No. 4, is overruled. Plaintiffs' contention that the quoted portion was tantamount to an instruction that, in order to answer the issue YES, the jury must find Anderson solely responsible for the collision, merits no discussion. It was a correct statement of the law, and could not have been expressed more favorably to plaintiffs.

Plaintiffs' other assignments of error relate to the charge as it attempted to apply the doctrine of foreseeability as an element of proximate cause to situations governed by G.S. 20-152(a).

Plaintiffs concede that the court "apparently correctly charged the jury" that a motorist is not bound to anticipate the negligent acts or omissions of another motorist. They contend, however, that the court erred when he instructed the jury that "if defendants Anderson . . . could reasonably foresee the intervening negligence and resulting deaths and alleged injuries produced by the admitted negligence of Haywood Thomas, then the sequence of events *is not* broken by the new and independent cause, and defendants remain liable if found guilty of actionable negligence from the evidence and by its greater weight." They also contend that he erred when he charged that in determining whether one driver was following another too closely all the evidence bearing upon his ability "to stop his vehicle if required to do so by a situation not produced by another's negligence which he could not, in the exercise of due care reasonably foresee, should be considered by the jury." The court continued by saying that "a following motorist must anticipate the usual and normal exigencies of traffic but . . . he is not bound to anticipate negligence on the part of others." These instructions cannot be held for error when the charge is considered as a whole, even though they might have been more aptly given in different form.

The crux of plaintiffs' case against defendant Anderson is their allegation and evidence tending to show that he was following the Falcon more closely than was reasonable and prudent under the circumstances. In the absence of anything which should alert him to the danger, the law does not require a motorist to anticipate specific acts of negligence on the part of another. *Hart v. Curry,* 238 N.C. 448, 78 S.E. 2d 170. It does, however, fix him with notice that the exigencies of traffic may, at any time, require a sudden stop by him or by the motor vehicle immediately in front of him. Constant vigilance is an indispensable requisite for survival on today's highways, and a motorist must take into account the prevalence of that

"occasional negligence which is one of the incidents of human life." Restatement (Second), Torts § 447, Comment c (1965). He must bear in mind that every operator of a motor vehicle on the highway is constantly confronted with the possibility of a collision with other vehicles, pedestrians, or animals; that blowouts and mechanical failures, highway and weather conditions, as well as innumerable other factors, can create sudden hazards. It follows, therefore, that the reasonably prudent operator will not put himself unnecessarily in a position which will absolutely preclude him from coping with an emergency. For this reason G.S. 20-152(a) provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, with regard for the safety of others and due regard to the speed of such vehicles and the traffic upon and condition of the highway." A violation of this statute, once it is established, is negligence *per se*, and, if injury proximately results therefrom, it is actionable. *Smith v. Rawlins*, 253 N.C. 67, 116 S.E. 2d 184, 85 A.L.R. 2d 609.

The statute fixes no specific distance at which one automobile may lawfully follow another. In determining the proper space to be maintained between his vehicle and the one preceding him, a motorist must take into consideration such variables as the locality, road and weather conditions, other traffic on the highway, the characteristics of the vehicle he is driving, as well as that of the one ahead, the relative speeds of the two, and his ability to control and stop his vehicle should an emergency require it. Thus, the space is determined according to the standard of reasonable care and should be sufficient to enable the operator of the car behind to avoid danger in case of a sudden stop or decrease in speed by the vehicle ahead under circumstances which should reasonably be anticipated by the following driver. 60 C.J.S., Motor Vehicles § 323(b) (1949); *Clark v. Scheld*, 253 N.C. 732, 117 S.E. 2d 838. Unless the driver of the leading vehicle is himself guilty of negligence, or unless an emergency is created by some third person or other highway hazard, see *Soudelier v. Johnson*, 95 So. 2d 39 (La. App.), the mere fact of a collision with the vehicle ahead furnishes some evidence that the motorist in the rear was not keeping a proper lookout or that he was following too closely. *Burnett v. Corbett*, 264 N.C. 341, 141 S.E. 2d 468. The following driver is not, however, an insurer against rear-end collisions for, even when he follows at a distance reasonable under the existing conditions, the space may be too short to permit a stop under any and all eventualities.

In this case, if Anderson was operating the truck at a distance of only one car's length to the rear of the Falcon (as Mrs. Brown-

ing testified), he would have been guilty of negligence as a matter of law which was a concurring proximate cause of the collision, for he would have been in a position where he could not cope with *any* sudden change in the movement of the station wagon irrespective of its cause or whether it might have been reasonably anticipated. If, on the other hand, Anderson was 85-150 feet behind the Falcon, it was for the jury to say whether he was following too closely under all the circumstances.

When the charge is considered "contextually as a whole"—as every charge must be, 4 Strong, N. C. Index, Trial § 33 (1961)—, it correctly enunciates the principles of law which govern the application of G.S. 20-152(a) to the facts of this case. We find no prejudicial error in the portions to which specific exceptions are taken, *Powell v. Daniel,* 236 N.C. 489, 73 S.E. 2d 143, and plaintiffs assign no error of omissions. *State v. Wilson,* 263 N.C. 533, 139 S.E. 2d 736.

The factual situation here was a simple one, and the issue clear cut: Was Thomas' gross and criminal negligence the sole proximate cause of this three-car smash-up, or was Anderson's alleged negligence in following too closely an operative factor in increasing it from a two-car to a three-car collision? The charge fully presented plaintiffs' contentions, and we find in it no reason to believe that the jury was misinformed or misled as to the applicable law. In the final analysis, it appears that the jury accepted Anderson's version of the accident. They were the "sole judges of the facts."

In the trial below we find

No error.

PARKER, J., dissents.