ANNETTE ALLTOP v. J. C. PENNEY COMPANY, INC.

No. 7110SC222

(Filed 31 March 1971)

1. **Courts § 9; Rules of Civil Procedure § 56— entry of summary judgment — effect of prior order by another trial judge**
    Denial by first superior court judge of defendant's motion to dismiss for failure of the complaint to state a claim upon which relief could be granted did not preclude a second superior court judge from granting defendant's motion for summary judgment.

2. **Rules of Civil Procedure § 12— motion to dismiss**
    The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient.

Alltop v. Penney Co.

**3. Rules of Civil Procedure § 56— purpose of summary judgment**

The purpose of the summary judgment rule is to provide an expeditious method for determining whether a material issue of fact actually exists. G.S. 1A-1, Rule 56.

**4. Damages § 3— injuries to person — improper collecting practices by department store — showing of compensable damage**

In plaintiff's action to recover damages for the alleged wrongful conduct of a department store in attempting to collect an unpaid account, the department store was entitled to entry of summary judgment where the plaintiff failed to show contemporaneous physical injury and an adverse effect on her employment resulting from the store's collection methods. G.S. 1A-1, Rule 56(c), (e).

APPEAL by plaintiff from *Clark, Superior Court Judge,* 12 January 1971 Session, WAKE Superior Court.

Plaintiff instituted this action seeking to recover compensatory and punitive damages for the alleged wrongful conduct of the defendant in attempting to collect an unpaid account of approximately $600.00.

Plaintiff alleged in her complaint that agents of the defendant repeatedly telephoned her at her home and at her place of employment demanding payment of approximately $600.00 owed to the defendant by the plaintiff's husband. Plaintiff alleged that she did not owe that sum or any sum to the defendant, and she so informed the defendant. Nevertheless, the agents of the defendant continued to call the plaintiff and demand payment. On at least two occasions, an agent of the defendant called plaintiff's employer, one Edna Wells, and informed her that the plaintiff was indebted to the defendant in the amount of approximately $600.00, and requested the plaintiff's employer to advance the money to the plaintiff so that the plaintiff could pay the defendant. Plaintiff's employer was threatened with legal action if she did not cooperate with the defendant.

Plaintiff alleged that the conduct of the defendant's agents was willful, wanton, malicious, and without justification; and that as a result of said conduct, the plaintiff's employment was jeopardized and advancement made more difficult, and that plaintiff has become nervous and upset and has experienced severe anxiety about her employment and personal life.

Before filing an answer, the defendant moved to dismiss plaintiff's action under G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief could be granted. This motion

was denied by Superior Court Judge C. W. Hall on 13 November 1970.

The defendant then filed an answer denying the material allegations of plaintiff's complaint, and, on 4 December 1970, filed a motion for summary judgment supported by the deposition of the plaintiff taken on 30 November 1970. The plaintiff filed no response by affidavits or otherwise, but opposed the motion by relying solely on the allegations in her complaint. The court granted summary judgment for the defendant on 12 January 1971, and dismissed plaintiff's action.

From the granting of defendant's motion for summary judgment and the dismissal of the action, the plaintiff appealed to this Court.

*Jacob W. Todd and Charles P. Green, Jr., by Jacob W. Todd for plaintiff appellant.*

*Smith, Anderson, Dorsett, Blount & Ragsdale, by George R. Ragsdale for defendant appellee.*

HEDRICK, Judge.

[1, 2]  Plaintiff first contends that Judge Hall's denial of the defendant's motion to dismiss for failure of the complaint to state a claim upon which relief could be granted precluded Judge Clark from considering and allowing defendant's motion for summary judgment in that it violates the principle of law that one superior court judge cannot overrule another superior court judge. This contention is without merit.

The federal courts, operating under rules practically identical to those in North Carolina, have held that the denial of a motion to dismiss for failure to state a claim upon which relief can be granted, which merely challenges the sufficiency of the complaint, does not prevent the court's allowing a subsequent motion for summary judgment based on affidavits outside the complaint. *Crowell v. Baker Oil Tools*, 49 F. Supp. 552 (D.C. Cal. 1943), *rev'd on other grounds*, 143 F. 2d 1003, *cert. denied*, 323 U.S. 760 (1944). See also Barron and Holtzoff, Federal Practice and Procedure (Wright Ed.), Vol. 3, § 1240. The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient. 2A Moore's Federal Practice, par. 56.02[3], p. 2035 (1965). See also *United Milk Products Co. v. Lawndale Nat. Bank of Chi-*

---

---

*cago,* 392 F. 2d 876 (7th Cir. 1968). But where a motion for summary judgment is made and is supported by matters outside the pleadings, the test is whether on the basis of the materials presented to the court there is any genuine issue as to any material fact. Moore's Federal Practice, *supra; Richardson v. Rivers,* 335 F. 2d 996 (D.C. Cir. 1964).

[3] Plaintiff's other contention is that the trial judge erred in granting defendant's motion for summary judgment. The purpose of the summary judgment rule, Rule 56 of the Rules of Civil Procedure, is to provide an expeditious method for determining whether a material issue of fact actually exists. The rule states that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Rule 56(c). See also, *Pridgen v. Hughes,* 9 N.C. App. 635, 177 S.E. 2d 425 (1970) ; *Patterson v. Reid,* 10 N.C. App. 22, 178 S.E. 2d 1 (1970).

The defendant's motion for summary judgment was supported by the deposition of the plaintiff. But plaintiff offered nothing to bolster the bare allegations of her complaint. G.S. 1A-1, Rule 56(e), provides in part:

> ". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

[4] In her complaint, plaintiff alleged that she did not owe the defendant any sum, but she admitted during the adverse examination that she had made credit purchases from the defendant using her husband's credit card, and her signature appears on 17 of the charge sales slips.

Plaintiff alleged that as a result of the defendant's conduct she became nervous and upset, yet she admits that she has not seen a doctor or taken any medication in this regard. Mere hurt or embarrassment are not compensable. *Flake v. Greensboro News Co.,* 212 N.C. 780, 195 S.E. 55 (1938). Nor are damages for mere fright recoverable unless there is contemporaneous

physical injury resulting from the defendant's conduct. *Crews v. Finance Co.,* 271 N.C. 684, 157 S.E. 2d 381 (1967).

Plaintiff also alleges that the conduct of the defendant has jeopardized her employment, yet the adverse examination reveals that up to the date of the examination the plaintiff was still employed at the same place of business, and that her income has at least remained the same.

The materials presented in support of defendant's motion for summary judgment show that plaintiff has suffered no compensable injury or damage, either to her personal health, or by reason of an adverse effect on her employment. Hence, we hold that the entry of summary judgment was proper since there appears to be no genuine issue as to any material fact. The judgment appealed from is

Affirmed.

Judges CAMPBELL and BRITT concur.