Ross v. Yelton

---

JESSE W. ROSS v. ROBERT W. YELTON

No. 7827SC230

(Filed 6 February 1979)

**Evidence § 44— mental anguish causing physical illness—expert testimony required**

> In an action to recover against the former attorney of a corporation who failed to file answers in two separate actions against the corporation, allowed default judgments to be taken against the corporation, and concealed from plaintiff and the corporation the fact that the default judgments had been entered, the trial court did not err in excluding testimony by plaintiff that his physical illness was caused by mental anguish he suffered as a result of his corporation's financial difficulties, since plaintiff was not a medical expert and no doctor or other qualified medical expert was offered to testify to this causation.

APPEAL by plaintiff from *Snepp, Judge*. Judgment entered 15 November 1977 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 9 January 1979.

This appeal brings to the Court a question of evidence. The plaintiff filed a lawsuit against the defendant who had been the attorney for a corporation which was wholly owned by the plaintiff. The corporation also sued the defendant and the two actions were consolidated for trial and tried at the 11 April 1977 term. The individual and corporate plaintiffs offered evidence that the

defendant failed to file answers in two separate actions brought against the corporation, allowing default judgments to be taken against the corporation. The defendant concealed from his client the fact that default judgments had been taken and advised the plaintiff in this action that there was no defense to the actions, causing the corporation to pay $15,627.03 in order to satisfy the judgments. Issues of negligence were answered favorably to the plaintiffs in both cases. The jury awarded the corporate plaintiff $35,000.00 in damages including damages for loss of profits. The jury awarded $10,000.00 in damages to the individual plaintiff and the court ordered a remittitur of this verdict to $2,500.00 which the plaintiff refused to accept. The court then set aside the verdict as to damages in favor of the individual plaintiff. The judgment in favor of the corporation was paid. The damage issue in the individual plaintiff's case was then retried. At the second trial the plaintiff offered evidence by his own testimony and other witnesses as to the emotional distress he suffered as a result of the corporation's financial stress which caused a physical illness. The court excluded this testimony because none of the witnesses were qualified as medical experts. The jury, following the instructions of the court, awarded nominal damages.

*Casey and Daly, by George Daly, for plaintiff appellant.*

*Whisnant, Lackey and Schweppe, by N. Dixon Lackey, Jr., for defendant appellee.*

WEBB, Judge.

The principal question posed by this appeal is whether the superior court committed error by excluding testimony by the plaintiff that his physical illness was caused by the mental anguish he suffered as a result of his corporation's financial difficulties. No medical doctor or other qualified medical expert was offered to testify to this causation. If the cause of a physical illness is such that a layman could not competently form an opinion as to it, qualified medical testimony is essential. *See Gillikin v. Burbage*, 263 N.C. 317, 139 S.E. 2d 753 (1965); *Hawkins v. McCain*, 239 N.C. 160, 79 S.E. 2d 493 (1954), and *Jackson v. Sanitarium*, 234 N.C. 222, 67 S.E. 2d 57 (1951). We hold that in this case the cause of the plaintiff's physical illness by mental stress was such that only a qualified medical expert could testify as to his opinion of

its cause. Judge Snepp properly excluded this testimony. Since there was no other evidence of damages we hold it was correct for the court to allow nominal damages only.

No error.

Judges PARKER and ARNOLD concur.