WILLIAM T. McCRACKEN v. O. B. SLOAN

No. 7826SC303

(Filed 6 March 1979)

1. **Trial § 29— evidence stipulated—action dismissed—appeal proper**

   Where the parties at a pretrial conference stipulated what the evidence most favorable to the plaintiff would be, the court could enter a judgment dismissing the action, and plaintiff could appeal.

2. **Assault and Battery § 3.1— smoking cigar in plaintiff's presence—no assault or battery**

   Evidence was insufficient to support plaintiff's claim for assault and battery where it tended to show that defendant smoked cigars in his own office in plaintiff's presence when he knew such smoke was obnoxious to plaintiff, but there was no evidence that plaintiff suffered any physical illness from smelling or inhaling the cigar smoke.

APPEAL by plaintiff from *Thornburg, Judge.* Judgment entered 31 January 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 16 January 1979.

McCracken v. Sloan

This is a lawsuit in which the plaintiff alleges the defendant twice committed an assault and battery upon him by smoking cigars in his presence. At the 16 January 1978 civil term of Superior Court in Mecklenburg County and during a pretrial conference it was stipulated what the evidence most favorable to the plaintiff would be. The record shows this evidence to be as follows: The plaintiff had been a postal employee in the City of Charlotte and the defendant is the postmaster in that city. The plaintiff had a history of being allergic to tobacco smoke. Dr. Herbert O. Seiker, who is in charge of the Division of Pulmonary and Allergic Disease in the Department of Medicine of Duke University, testified by deposition that plaintiff is allergic to tobacco smoke with an allergy of "3 plus on a scale of one to four." Dr. D. V. Chamblee would have testified in regard to plaintiff that "This gentleman has severe respiratory problems when around cigarette smoke." The plaintiff had made complaints and distributed literature within the post office building in regard to the dangers of smoking. He had requested and been denied sick leave for his allergic condition. On 3 April 1975 and 13 May 1975 the plaintiff attended meetings in the office of the defendant at which the plaintiff's application for sick leave was discussed. At both of these meetings, defendant smoked a cigar. One witness would testify that he heard the defendant say at the 13 May 1975 meeting: "Bill, I know you claim to have an allergy to tobacco smoke and you have presented statements from your doctor stating this, but there is no law against smoking, so I'm going to smoke." The court made findings of fact as to what the jury could find from the evidence and concluded "that plaintiff could not prove a sufficient case to carry his cause to the jury." The court ordered the case dismissed.

*Blum and Sheely, by Shelley Blum, for plaintiff appellant.*

*United States Attorney Harold M. Edwards, by Assistant United States Attorney Susan S. Craven, for defendant appellee.*

WEBB, Judge.

[1]   At the outset, we are faced with the question of the procedure used by the superior court to reach a judgment in this case. The parties at a pretrial conference stipulated what the evidence most favorable to the plaintiff would be. On the basis of

this stipulation, the court dismissed the action and the plaintiff appealed. We hold this is a proper way for the court to enter a judgment from which an appeal may be taken. We rely on *Pickelsimer v. Pickelsimer*, 257 N.C. 696, 127 S.E. 2d 557 (1962); *Wimberly v. Parrish*, 253 N.C. 536, 117 S.E. 2d 472 (1960) and *Rochlin v. Construction Co.*, 234 N.C. 443, 67 S.E. 2d 464 (1951). Those cases state the rule to be: "[W]here a judge intimates an opinion on the law which lies at the foundation of the action, adverse to the plaintiff, or excludes evidence offered by the plaintiff which is material and necessary to make out his case, he may submit to a nonsuit and appeal." *Rochlin, supra*, at 444-45. In *Pickelsimer* and *Rochlin*, the trial judge intimated an opinion that the plaintiffs' complaints did not state causes of action. In *Wimberly*, the court intimated an opinion as to the sufficiency of the evidence. We believe it is precedent for the procedure used by Judge Thornburg in this case.

Although the court below made detailed findings of fact in its order, we are not bound by them. The parties stipulated and made a part of the record what the plaintiff's evidence would tend to show. It is from this stipulation as to what the evidence would be that we must determine whether there is enough evidence to be submitted to the jury to support a claim for assault and battery.

[2]    We have found no case with a factual situation which controls this case. North Carolina follows the common law principles in the civil actions of assault and battery. *See* 1 Strong, N.C. Index 3d, Assault and Battery, § 1, p. 463, et seq. and the cases cited therein. *See also* W. Prosser, Handbook of the Law of Torts (4th Ed. 1971), p. 34, et seq. We rely on these cases and this textbook authority for the principles governing this case. It has been said that assault and battery which are two separate common law actions "go together like ham and eggs." The interest in freedom from apprehension of a harmful or offensive contact with the person is protected by the action for assault. The interest in freedom from intentional and unpermitted contacts with the plaintiff's person is protected by the action for battery. It is not necessary that the contact be brought about by a direct application of force. It is enough that the defendant set a force in motion which ultimately produces the result. The gist of the action for battery is not the hostile intent of the defendant, but rather the absence of consent

to the contact on the part of the plaintiff. At the same time, in a crowded world, a certain amount of personal contact is inevitable and must be accepted. Consent is assumed to all those ordinary contacts which are customary and reasonably necessary to the common intercourse of life. Smelling smoke from a cigar being smoked by a person in his own office would ordinarily be considered such an innocuous and generally permitted contact. In this case there is the added factor that the defendant was on notice that the smelling of cigar smoke was personally offensive to the plaintiff who considered it injurious to his health. In examining the plaintiff's claim, we observe that it has been said "it may be questioned whether any individual can be permitted, by his own fiat, to erect a glass cage around himself, and to announce that all physical contact with his person is at the expense of liability." *See* Prosser on Torts, *supra*, at 37.

From a reading of what the plaintiff's evidence would tend to show, we can find no evidence that the plaintiff suffered any physical illness from inhaling the cigar smoke. Each of the doctor's statements says the plaintiff is allergic to tobacco smoke, but neither says that the smoking of the cigars by defendant on 3 April 1975 or 13 May 1975 could have caused a physical illness to plaintiff. There is nothing in the record to show what the plaintiff's own testimony would have been. The statements of the other witnesses do not go to the question of any physical illness to the plaintiff resulting from inhaling cigar smoke. There being no competent evidence that the plaintiff suffered a physical illness from smelling the cigar smoke, we are left with evidence that defendant smoked cigars in his own office when he knew it was obnoxious to a person in the room for him to do so. That person did experience some mental distress as a result of inhaling the cigar smoke. We hold this is not enough evidence to support a claim for assault or battery.

We express no opinion as to what the result would be if there were evidence of some physical injury, but on the facts of this case we cannot hold it is an assault or battery for a person to be subjected either to the apprehension of smelling cigar smoke or the actual inhaling of the smoke. This is an apprehension of a touching and a touching which must be endured in a crowded world.

Affirmed.

Judges PARKER and ARNOLD concur.