JOHNNIE F. CARAWAN, Plaintiff v. TOM TATE and FRIENDLY PARKING SERVICE, INC., Defendants-and-Third Party Plaintiffs v. AETNA CASUALTY AND SURETY COMPANY, Third Party Defendant

No. 8026SC473

(Filed 21 July 1981)

**1. Evidence § 22.2— conviction in criminal prosecution—evidence inadmissible**

In plaintiff's action to recover for an assault, the trial court erred in permitting plaintiff and a police officer to testify that defendant was convicted in district court of assaulting plaintiff, since evidence of a person's conviction in a criminal prosecution for the very act which constitutes the basis of liability in a civil action for damages is not admissible in the civil action.

Carawan v. Tate

2. **Master and Servant § 34— assault by parking lot attendant—scope of employment—jury question**

In plaintiff's action to recover damages for an assault allegedly perpetrated by defendant parking lot attendant, the trial court erred in failing to submit an issue to the jury as to whether the attendant was acting in the course and scope of his employment with defendant employer at the time of the alleged assault.

3. **Evidence § 44— assault—evidence of mental anguish admissible**

In an action to recover damages for assault where plaintiff testified that defendant pointed a pistol at him, plaintiff and his wife could testify concerning the mental anguish which plaintiff suffered as a result of the alleged assault.

4. **Damages § 17.7— assault—punitive damages—judgment n.o.v. for defendants improper**

In plaintiff's action to recover damages for an assault allegedly perpetrated by defendant parking lot attendant, the trial court erred in granting defendants' motion for judgment n.o.v. as to punitive damages, since evidence of an aggravated and criminal assault was such that the punitive damages issue was properly submitted to the jury.

5. **Damages § 14— punitive damages—financial worth of defendant—evidence improperly excluded**

In a civil assault case where plaintiff sought punitive damages, the trial court erred in excluding evidence offered by plaintiff as to the assets, liabilities, income tax returns and net worth of defendant employer.

Judge MARTIN (Harry C.) dissenting.

APPEAL by plaintiff and defendants, Tom Tate and Friendly Parking Service, Inc., from *Howell, Judge.* Judgment entered 20 December 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 November 1980.

This is an action for an assault for which the plaintiff asks for compensatory and punitive damages. Defendant Tate counterclaimed for damages for what he alleged was as assault on him by the plaintiff. The original defendants joined the third party defendant, praying that they recover against the third party defendant any amount recovered by the plaintiff against the original defendant. At trial, the evidence showed that on 25 November 1976 the plaintiff drove his automobile with his wife and two children to the Thanksgiving Parade in Charlotte. He drove his automobile into a parking lot owned by the defendant Friendly Parking Service, Inc. He left the lot when he was told by the defendant Tate, an employee of Friendly Parking Service, Inc., that

it would cost $3.00 to park. The plaintiff then drove to another lot owned by Friendly Parking Service, Inc. and parked his automobile. He was again approached by the defendant Tate who asked for $3.00 as a parking fee. Plaintiff testified that he told Mr. Tate he would only pay fifty cents and that after another request and refusal, Mr. Tate drew a pistol, pointed it at the plaintiff's face and said: "Give me three M.F. dollars, or get your M.F.A. off this parking lot one." The plaintiff also testified Mr. Tate threatened to shoot him if he did not give him $3.00. The evidence showed the plaintiff is a former marine and a former police officer who weighs between 195 and 200 pounds.

The defendant Tate was fifty years of age at the time of the incident. He has had an arm amputated and weighs 175 pounds. He testified that his supervisor sets the prices, and they are always raised on the day of the parade. He testified that the plaintiff advanced upon him and threatened him with his fist saying: "It's fixing to be a ball." Mr. Tate testified further that when he asked the plaintiff what he meant, the plaintiff responded: "You're going to see what I mean." Mr. Tate testified he told the plaintiff not to advance any further and then drew his pistol and pointed it at the ground at which point the plaintiff stopped.

The jury found that Mr. Tate had assaulted the plaintiff, that Mr. Tate did not act in self-defense, and that the plaintiff did not assault Mr. Tate. The jury gave the plaintiff $3,000.00 compensatory damages and $12,000.00 in punitive damages. The court granted the defendants' motion for judgment notwithstanding the verdict as to punitive damages. It entered a judgment in favor of the original defendants against the third party defendant for the compensatory damages recovered by plaintiff against the original defendants plus attorney fees. The third party defendant paid this judgment and did not appeal. Plaintiff appealed from the judgment. The original defendants appealed "the judgment . . . awarding the plaintiff . . . the sum of $3,000.00."

*William H. Booe for plaintiff appellant.*

*Newitt and Bruney, by John G. Newitt, Jr., for defendant appellees.*

WEBB, Judge.

[1]  We consider first the defendants' appeal. The defendants assign error to testimony by the plaintiff and a police officer that Mr. Tate was convicted in district court of assaulting the plaintiff, Mr. Tate having pled not guilty to the criminal charge. We believe this assignment of error has merit. In this jurisdiction evidence of a person's conviction in a criminal prosecution for the very act which constitutes the basis of liability in a civil action for damages is not admissible in the civil action. *Tidwell v. Booker*, 290 N.C. 98, 225 S.E. 2d 816 (1976); *Beanblossom v. Thomas*, 266 N.C. 181, 146 S.E. 2d 36 (1966); *Trust Co. v. Pollard*, 256 N.C. 77, 123 S.E. 2d 104 (1961). For this error, we hold there must be a new trial.

[2]  The defendant Friendly Parking Service, Inc. also contends that it was error not to submit an issue to the jury as to whether Mr. Tate was acting in the course and scope of his employment at the time of the alleged assault. We hold this issue should have been submitted to the jury. The evidence is uncontradicted that Mr. Tate was an employee of Friendly Parking Service, Inc. at the time of the alleged assault. The jury must determine whether Mr. Tate acted within the scope of his authority and was about his master's business or whether he stepped aside from his employment to commit a wrong prompted by a spirit of vindictiveness or to gratify his personal animosity or to carry out an independent purpose of his own. *See Clemmons v. Insurance Co.*, 274 N.C. 416, 163 S.E. 2d 761 (1968) and *Robinson v. McAlhaney*, 214 N.C. 180, 198 S.E. 647 (1938).

[3]  The defendants also assign as error the court's allowing the plaintiff and his wife to testify as to the mental anguish which the plaintiff suffered as a result of the alleged assault. They rely on *McCracken v. Sloan*, 40 N.C. App. 214, 252 S.E. 2d 250 (1979); *Ross v. Yelton*, 39 N.C. App. 677, 251 S.E. 2d 666 (1979); *McDowell v. Davis*, 33 N.C. App. 529, 235 S.E. 2d 896 (1977); *Alltop v. Penney Co.*, 10 N.C. App. 692, 179 S.E. 2d 885 (1971). We do not believe any of the cases are applicable to the case sub judice. *McCracken* involved an assault by smoking a cigar in the presence of a person who objected to smoking. There was no evidence that the plaintiff suffered physical injury from the cigar smoke. We held that evidence of mental distress by the person who smelled the

cigar smoke would not support an action for battery against the person who smoked a cigar in his own office. In *Ross*, we held that qualified medical testimony is required to prove that mental anguish caused a physical illness. In *McDowell*, this Court held that in an action based on negligence there is no recovery for emotional distress not caused by some physical impact or injury. In *Alltop*, it was held that summary judgment was proper for defendant because the plaintiff had not proved she was damaged. In the case sub judice, the plaintiff's claim is not based on negligence. He has alleged and offered evidence that the defendant Tate assaulted him by pointing a pistol at him. Evidence of his mental anguish as a result of this assault is admissible. He and his wife may testify to it. *See Trogden v. Terry*, 172 N.C. 540, 90 S.E. 583 (1916).

[4] The plaintiff assigns as error the court's granting the defendants' motion for judgment notwithstanding the verdict as to punitive damages. Punitive damages may be recovered in an action for assault. *See Allred v. Graves*, 261 N.C. 31, 134 S.E. 2d 186 (1964). If there is evidence of an aggravated criminal assault, an issue of punitive damages should be submitted to the jury. The awarding of punitive damages and the amount to be allowed rests in the sound discretion of the jury although the amount assessed is not to be excessively disproportionate to the circumstances of contumely and indignity present in the case. *See Worthy v. Knight*, 210 N.C. 498, 187 S.E. 771 (1936). In this case we hold that evidence of an aggravated and criminal assault was such that the punitive damage issue was properly submitted to the jury. It was error to grant the defendants' motion for judgment notwithstanding the verdict. It may have been that, in light of the evidence, the court felt the punitive damages awarded were excessive. It did not set the verdict aside or reduce it in its discretion, however, and that question is not before us for review.

[5] The plaintiff's second assignment of error is to the exclusion of evidence as to the financial worth of the Friendly Parking Services, Inc. In this case the plaintiff offered evidence as to the assets, liabilities, income tax returns and the net worth of Friendly Parking Services, Inc. which was excluded. This was error. Evidence of a defendant's ability to respond in damages is competent in cases warranting punitive damages. *See Harvel's, Inc. v.*

*Eggleston,* 268 N.C. 388, 150 S.E. 2d 786 (1966) and *Strickland v. Jackson,* 23 N.C. App. 603, 209 S.E. 2d 859 (1974).

The original defendants joined the third party defendant for the purpose of recovering from the third party defendant any recovery by the plaintiff against the original defendants. The third party defendant did not participate in the trial between the original parties. After the verdict had been rendered in the original action, the court entered a judgment in favor of the original defendants against the third party defendant for the compensatory damages and legal fees. The third party defendant paid this judgment and it was cancelled.

The plaintiff contends the original defendants are estopped from appealing as to the compensatory damages by their accepting payment and cancelling the judgment against the third party defendant. The plaintiff cites no cases as authority for this proposition. He argues that it would allow the original defendants to be unjustly enriched at the expense of the third party defendants if the original defendants should prevail at a new trial. The plaintiff has not been damaged and cannot complain if the third party defendant has made a payment to the original defendant which the original defendant was not entitled to receive. The plaintiff has not changed his position by relying on this action by the original defendant. Estoppel does not apply.

Judge Martin has voted to dismiss the defendants' appeal and remand for judgment on the punitive damage issue. He argues that as to the compensatory damage issue, neither of the appealing defendants is an aggrieved party. As to the punitive damage issue, he argues that it was error to set it aside, and we should order it reinstated. If the only issue raised on appeal were the compensatory damage issue, we might agree with Judge Martin. We have held that several substantial errors were made in reaching the verdicts on the two issues. Although the defendants did not appeal on the punitive damages issue, we hold that because of the errors involved in the trial of this issue, the ends of justice require a new trial as to punitive damages. *Watkins v. Grier,* 224 N.C. 334, 30 S.E. 2d 219 (1944) and *In re Will of Herring,* 19 N.C. App. 357, 198 S.E. 2d 737 (1973). Having determined there should be a new trial as to the punitive damages, we believe there should be a new trial as to all issues. We believe

there is a substantial likelihood that the two issues were so intertwined in the minds of the jurors that it would result in an injustice to remand this case for a trial on one issue only. *See Robertson v. Stanley*, 285 N.C. 561, 206 S.E. 2d 190 (1974).

We hold there should be a new trial on all issues.

New trial.

Chief Judge MORRIS concurs.

Judge MARTIN (Harry C.) dissents.

Judge MARTIN (Harry C.) dissenting:

I respectfully dissent from the majority opinion. From the record it is clear to me that defendants Tate and Friendly Parking Service, Inc. are not aggrieved by the proceedings and judgments of 20 December 1979, and may not appeal therefrom.

The record on appeal reveals:

1. The case was tried at the 22 October 1979 session of the Superior Court of Mecklenburg County.

2. At the commencement of trial, the court severed the defendants' third-party action for indemnity against Aetna Casualty and Surety Company from the principal action.

3. On 24 October 1979, the verdict of the jury was returned by written answers to issues.

4. Thereafter, during the same session, the defendants proceeded with their crossclaim against Aetna, the court finding that Aetna had issued a policy of insurance that covered the damages recovered by plaintiff in this action and that defendants were entitled to recover from Aetna the amount of the judgment plus costs including counsel fees.

5. Defendants filed motion for judgment notwithstanding the verdict and, separately, for a new trial, filed 24 October 1979.

6. On 20 December 1979, the court entered its order denying the motion for judgment notwithstanding the verdict as to compensatory damages and allowing the judgment notwithstanding the verdict with respect to punitive damages.

7. Judgment was filed on 20 December 1979 in favor of plaintiff against defendants for compensatory damages in the amount of $3,000, together with costs.

8. On 20 December 1979, judgment was filed in favor of defendants against Aetna under its policy of insurance, for damages defendants were legally obligated to pay, in the amount of $3,000 plus costs including attorney fees. Attorney fees in the amount of $3,990 were included in the cost bill of $4,030.

9. Plaintiff gave notice of appeal in open court, the appeal entries being dated 20 December 1979.

10. Defendants gave notice of cross-appeal in apt time, on 31 December 1979 (30 December 1979 being a Sunday), "from the Judgment against them entered 20 December 1979, awarding plaintiff, Johnnie F. Carawan, the sum of $3,000.00."

11. On 23 January 1980, Aetna paid the judgment against it by depositing with the Clerk of Superior Court of Mecklenburg County the sum of $7,030.

12. On 29 January 1980, the attorney of record for defendants received the $7,030 from the clerk of superior court and satisfied and cancelled the judgment against Aetna.

Under the statute, N.C.G.S. 1-271, and the case law of North Carolina, only an aggrieved party can appeal. *Coburn v. Timber Corporation*, 260 N.C. 173, 132 S.E. 2d 340 (1963). If the order complained of does not adversely affect the substantial rights of appellant, the appeal will be dismissed. *Id.* The party who is required to suffer the loss under the judgment is the party aggrieved within the meaning of this rule. *Coach Co. v. Coach Co.*, 237 N.C. 697, 76 S.E. 2d 47 (1953). In determining who is the aggrieved party, it is necessary to consider the whole record of the proceedings: the pleadings, issues, facts found, and judgment(s); not simply the judgment itself. *Id.*

When we apply this principle, it is manifest that defendants here are not aggrieved by these proceedings. Neither of them is required to suffer the loss imposed by the judgment against them. They have already received from Aetna the money to pay this judgment and costs. They are not required to pay the judgment from their own funds. *See Blount v. Taft*, 29 N.C. App. 626,

225 S.E. 2d 583 (1976), *aff'd*, 295 N.C. 472 (1978). It would be a strange procedure indeed to allow defendants to ratify and rely upon the judgment against them for the purpose of securing indemnification from Aetna, and then permit defendants to attack the same judgment upon appeal. It could be argued that if defendants had only secured the judgment against Aetna, they should be allowed to appeal because by so doing they would also be protecting the interests of Aetna. Here, however, defendants have not only secured the judgment against Aetna, but that judgment has been paid by Aetna and defendants have received the proceeds without paying plaintiff's judgment for compensatory damages.

Defendants are not the real parties in interest in seeking appellate review of plaintiff's judgment. Every claim shall be prosecuted in the name of the real party in interest. N.C. Gen. Stat. 1A-1, Rule 17(a). A real party in interest is a party who is benefited or injured by the judgment in the case. *Parnell v. Insurance Co.*, 263 N.C. 445, 139 S.E. 2d 723 (1965); *Insurance Co. v. Walker*, 33 N.C. App. 15, 234 S.E. 2d 206, *disc. rev. denied*, 293 N.C. 159 (1977). In considering the entire record on appeal, defendants are not the aggrieved real parties in interest and have at most only an incidental interest in the judgment complained of, as they are not injured by plaintiff's judgment. *See Insurance Co. v. Ingram, Comr. of Insurance*, 288 N.C. 381, 218 S.E. 2d 364 (1975). Aetna, not the defendants, has suffered because of plaintiff's judgment.

Under the North Carolina Rules of Civil Procedure, defendants may, as third-party plaintiffs, commence an action against Aetna for indemnity before judgment has been entered against them. N.C. Gen. Stat. 1A-1, Rule 14. In proving their claim against Aetna, defendants must show that plaintiff has recovered a judgment against them which they are legally obligated to pay or have paid. *Heath v. Board of Commissioners*, 292 N.C. 369, 233 S.E. 2d 889 (1977). Rule 14 provides " 'a mechanism for disposing of multiple claims arising from a single set of facts in one action expeditiously and economically.' " *Heath, supra,* at 376, 233 S.E. 2d at 893. Defendants would frustrate the salutary purposes of the rule if they were allowed to proceed against Aetna for indemnification and then challenge plaintiff's judgment against them by appeal. The Court in *Heath* held that the indemnitee must *pay*

the judgment against it before it could collect from the indemnitor in a Rule 14 proceeding. Evidently this was for the precise purpose of preventing what defendants have done in this case. Defendants have not paid the judgment against them, yet they have proceeded against Aetna and collected and received the proceeds. By so doing, they have acquiesced in the judgment against themselves and admitted its validity. Defendants have ratified and acquiesced in plaintiff's judgment against them. *See Moore v. Insurance Co.*, 266 N.C. 440, 146 S.E. 2d 492 (1966). They cannot now appeal. *Rice v. McAdams*, 149 N.C. 29, 62 S.E. 774 (1908).

Defendants allege that if plaintiff is entitled to recover against them, they are entitled to recover such amount from Aetna under their contract of insurance. The court, in its judgment against Aetna, found that Aetna by its contract of insurance agreed to pay to defendants such damages which they (defendants) "shall become legally obligated to pay." The court further held Aetna was liable to defendants in the amount of plaintiff's verdict against them, together with costs. Defendants could not win their case against Aetna unless they proved that they were legally obligated to pay plaintiff the amount of the verdict. The court found that defendants carried this burden and no appeal was taken from this judgment; it is the law of the case that defendants are legally obligated to pay plaintiff the amount of the verdict.

By proceeding against Aetna as stated, defendants established the validity of plaintiff's judgment against them, and that question is now moot. This Court will not hear and decide a moot question. *Kendrick v. Cain*, 272 N.C. 719, 159 S.E. 2d 33 (1968). In *Kendrick*, we find:

> "A party who accepts an award or legal advantage under an order, judgment, or decree ordinarily waives his right to any such review of the adjudication as may again put in issue his right to the benefit which he has accepted. This is so even though the judgment, decree, or order may have been generally unfavorable to the appellant."

272 N.C. at 722, 159 S.E. 2d at 35. Defendants, by proceeding against Aetna, securing a judgment, and accepting the benefits of that judgment, have waived their rights to review the adjudication of plaintiff's claim against defendants. Appellate review

would allow defendants to again put into issue their right to the benefit which they have already accepted. Defendants have, by their actions against Aetna, validated plaintiff's judgment and waived their rights to challenge that judgment upon appeal. Plaintiff's claim against defendants does not involve matters of public interest so as to exclude it from the general rule denying appellate review of moot questions. *See Leak v. High Point City Council,* 25 N.C. App. 394, 213 S.E. 2d 386 (1975).

The majority opinion reaches the anomalous result of ordering a new trial on plaintiff's claim against defendants, for which defendants have already received indemnification. There is no guarantee that the case will ever be retried. Parties die, move, and lose interest in legal proceedings. If by such happenstance defendants were allowed to keep their recovery from Aetna, they would be profiting from their own wrong. Surely the law is not so foolish as to provide a vehicle for such eventuality.

I agree with the majority in holding that the trial court committed error in granting defendants' motion for judgment notwithstanding the verdict with respect to the award of punitive damages. The majority opinion reverses that order, and in that I concur. Therefore, in my opinion, defendants' appeal should be dismissed, *see Boone v. Boone,* 27 N.C. App. 153, 218 S.E. 2d 221 (1975), and the cause remanded to the superior court for entry of judgment awarding plaintiff $12,000 punitive damages.