RAYMOND C. FREEMAN, II v. JOHN GUY HAMILTON, SR.

No. 7210SC35

(Filed 29 March 1972)

1. **Automobiles § 49— passenger's statement at collision scene — fault**

   In this action to recover for personal injuries sustained in a collision between plaintiff's motorcycle and defendant's car, the trial court did not err in permitting defendant's driver to testify that a motorcycle passenger injured in the accident told him at the collision scene that "It's not your fault."

2. **Automobiles § 45; Evidence § 22; Witnesses § 8— civil action — conviction of criminal offense based on same acts**

   In this action to recover damages for personal injuries, the trial court properly refused to allow plaintiff to cross-examine the driver of defendant's car as to whether he had been convicted of an offense "growing out of this accident," since a defendant in a civil action may not be cross-examined regarding his conviction of an offense based on the very acts charged against him in a civil action unless such conviction is based on a plea of guilty.

3. **Rules of Civil Procedure § 51— request for special instructions — timeliness**

   The trial court did not err in refusing to give the jury special instructions requested in writing by plaintiff after the jury had deliberated for three hours, since such request must be submitted to the judge before the charge is begun. G.S. 1A-1, Rule 51(b).

APPEAL by plaintiff from *Bone, Judge,* 15 July 1971 Session of Superior Court held in WAKE County.

Action to recover compensation for injuries arising out of a collision by plaintiff, while operating a motorcycle, with an automobile owned by defendant and operated by defendant's son. Issues of negligence, contributory negligence and damages were submitted. The jury answered the issues of negligence and contributory negligence in the affirmative. Plaintiff appealed.

*Jacob W. Todd for plaintiff appellant.*

*Smith, Anderson, Blount and Mitchell by John H. Anderson for defendant appellee.*

VAUGHN, Judge.

[1] The following is the subject of plaintiff's first assignment of error. Joan Tiska, a passenger on the motorcycle, was thrown

Freeman v. Hamilton

to the pavement. Defendant's driver, in the course of testifying as to the events immediately preceding and following the collision testified as follows:

> "After I looked and saw Mr. Freeman, I saw that somebody was taking care of him, I kneeled back down and I got on my knees. I looked at Joannie and told her she was going to be all right and she looked at me and said 'It's not your fault.' That's exactly what she said."

Plaintiff's objection and motion to strike were overruled. We hold that the court's failure to strike the testimony as to the foregoing spontaneous utterance of the injured passenger did not constitute prejudicial error.

[2]  On direct examination the driver of defendant's automobile testified, without objection by plaintiff, that he had never been convicted of anything. On cross-examination of the witness, plaintiff's counsel asked the following: "Isn't it a fact that you were, in June of 1970, convicted of an offense on the fourth floor of this Courthouse, growing out of this accident?" Defendant's objection to the question was sustained and the court's ruling on the propriety of the question is assigned as error. It is settled that a defendant in a civil action may not be cross-examined regarding his conviction of an offense based on the very acts charged against him in the civil action, unless such conviction is based on a plea of guilty. See *Beanblossom v. Thomas,* 266 N.C. 181, 146 S.E. 2d 36 and authorities therein cited. The question, as propounded by counsel, called for incompetent testimony. Plaintiff's counsel, had he elected to do so, could have rephrased his question and deleted any reference to a conviction based on the acts giving rise to the civil action then being tried. *Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1. This assignment of error is overruled.

[3]  After the jury had deliberated approximately three hours, plaintiff's counsel submitted a written request that the court "charge the jury that a person having the right of way may assume that persons to whom the right of way applies will respect it until the contrary affirmatively appears." The court declined to give the requested instruction and this constitutes plaintiff's third assignment of error. Rule 51 (b) of the North Carolina Rules of Civil Procedure provides that requests for special instructions must be submitted to the judge before the

judge's charge to the jury is begun. Plaintiff's request, therefore, came too late. Moreover, consideration of the entire charge discloses that the judge properly declared and explained the law arising on the evidence. This assignment of error is overruled.

Plaintiff's final assignment of error that "the Court erred in declining to set aside the verdict, for that it clearly appears that it was against the weight of the evidence" is without merit. Both plaintiff and defendant were ably represented at trial and on this appeal. Upon conflicting evidence the jury resolved the issues in a trial which we hold to have been free of prejudicial error.

No error.

Judges BROCK and HEDRICK concur.