BOWMAN ET AL., APPELLEES, *v.* DAVIS, APPELLANT, ET AL.

(No. 75-898—Decided November 3, 1976.)

*Roger B. Turrell & Associates Co., L. P. A.,* and *Mr. Roger B. Turrell,* for appellees.

*Messrs. Thornburgh, Miller & Kidd* and *Mr. William H. Thornburgh,* for appellant.

*Per Curiam.* Appellant presents two claims in this cause. One is that "public policy of the state of Ohio" bars "recovery of damages for the 'wrongful life' of a child

following an unsuccessful sterilization procedure." The other is that such damages are barred when "the patient knowingly and voluntarily signs a sterilization consent form relieving the physician and hospital from responsibility for any unfavorable results."[1]

The Court of Appeals held that the "patient sterilization consent form" signed by the Bowmans prior to Mrs. Bowman's surgery "does not operate as a release of liability and does not bar the instant action."

The main portion of the form provides:

"We do hereby declare that we fully understand that the purpose and effect of such surgical procedure will most probably result in a failure to ever again create, conceive or bear any more children. We hereby voluntarily consent to this operation and absolve the attending physicians and the Miami Valley Hospital from responsibility for any untoward or unfavorable results arising from this procedure."

This court has held indemnity agreements purporting to release a party from the consequences of his negligence and failing to express that intent in "clear and unequivocal" terms to be unenforceable. *Kay* v. *Pennsylvania Rd. Co.* (1952), 156 Ohio St. 503. Although the hospital consent form was not an indemnity agreement, it appears to have been designed to release the hospital and attending physicians from the consequences of their negligence. However, that intent is not set out in "clear and unequivocal" terms. Nowhere does the form mention release from *liability for negligence.* Instead it merely speaks of absolving the hospital and attending physicians from the "unfavorable results" of sterilization. Furthermore, the form does not clearly state the *kinds* of "unfavorable results" it covers. Since the *only* result of sterilization described in the form is the "failure to ever again create, conceive or

---

[1] A third issue, that appellees' damages should be limited to the expenses of the *pregnancy* after a negligently performed sterilization, was not raised at the appellate level. To the extent that this issue is not settled in our discussion of appellant's other propositions of law, we decline to decide it. *State* v. *Abrams* (1974), 39 Ohio St. 2d 53, 55.

bear any more children," the form can easily be interpreted to apply only to the effects of a *successful* operation.

The Court of Appeals correctly ruled under the facts of this cause that the Bowmans' signatures on the consent form do not relieve appellant from liability for negligence.[2]

The second issue raised by appellant is whether "public policy" prohibits "the recovery of damages for the 'wrongful life' of a child following an unsuccessful sterilization procedure."

Much of appellant's argument is irrelevant. This is not a suit for "wrongful life," which asks the jury to measure damages on the relative merits of *being versus nonbeing*.[3] It is, instead, a traditional negligence action. At the trial, appellees asserted that the appellant was negligent during and after the tubal ligation, that this negligence was the proximate cause of the birth of the twins, and that the negligence cost the family the expenses of childbirth and rearing.[4]

Having determined that this is not an action for "wrongful life," we must further determine whether an action following a negligently performed and "unsuccessful sterilization procedure" is against public policy.

---

[2]Appellant raised assignments of error with the Court of Appeals as to sufficient proof of negligence, contributory negligence and damages at the trial level. Since no special interrogatories were requested and since the jury issued a general verdict stating that it found for the plaintiffs on the *issues* joined between the parties, we must presume all issues to have been resolved in favor of the successful parties. *Berisford* v. *Sells* (1975), 43 Ohio St. 2d 205, 208. The Court of Appeals properly rejected those assignments of error. There were no assertions of error that the amount of the verdict indicated passion on the part of the jury.

[3]Actions for "wrongful life" are brought by children claiming damages due to the negligent failure of physicians to sterilize their parents. Because these claims force courts to weigh the value of being versus non-being, courts have been reluctant to recognize this cause of action. *Gleitman* v. *Cosgrove* (1967), 49 N. J. 22, 227 A. 2d 689.

[4]Support for adapting traditional tort damages to actions for negligent failure to sterilize can be found in a number of other jurisdictions. See *Bishop* v. *Byrne*, 265 F. Supp. 460 (S. D. W. Va. 1967); *Custodio* v. *Bauer* (1967), 251 Cal. App. 2d 303, 59 Cal. Rptr. 463; and *Troppi* v. *Scarf* (1971), 31 Mich. App. 240, 187 N. W. 2d 511.

It is the opinion of this court that the cause of action pursued successfully by the Bowmans at the trial and appellate levels is not barred by notions of public policy. The choice not to procreate, as part of one's right to privacy, has become (subject to certain limitations) a Constitutional guarantee. See *Griswold* v. *Connecticut* (1965), 381 U. S. 479; *Roe* v. *Wade* (1973), 410 U. S. 113; and *Doe* v. *Bolton* (1973), 410 U. S. 179. For this court to endorse a policy that makes physicians liable for the foreseeable consequences of all negligently performed operations *except* those involving sterilization would constitute an impermissible infringement of a fundamental right.

For the foregoing reasons, the judgment of the Court of Appeals must be affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN, W. BROWN and P. BROWN, JJ., concur.

CORRIGAN and CELEBREZZE, JJ., dissent.