DOROTHY O. PIERCE AND HUSBAND, AUBREY R. PIERCE v. DR. JAMES W. PIVER

No. 794SC370

(Filed 5 February 1980)

**Physicians, Surgeons and Allied Professions § 12.1— tubal ligation improperly performed — subsequent pregenancy — sufficiency of complaint to allege malpractice**

    The trial court erred in granting defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted where plaintiff alleged that defendant improperly performed a tubal ligation upon her and that she became pregnant, and plaintiff sought compensation for her expenses and loss of services stemming from the pregnancy and for the costs of raising and providing for the child until the age of emancipation.

    Judge WELLS concurring.

APPEAL by plaintiffs from *Tillery, Judge.* Judgment entered 7 February 1979 in Superior Court, ONSLOW County. Heard in the Court of Appeals 29 November 1979.

Plaintiffs brought this action seeking recovery for damages suffered as a result of alleged negligence and breach of contract on the part of defendant. The feme plaintiff alleged that she had engaged defendant to remove a tumor from her left ovary. She also alleged that she further engaged defendant to perform a bilateral tubal ligation at the same time, so that she would not again become pregnant. The operations were performed in November of 1976. On the 28th of December, 1977, feme plaintiff gave birth to a child. She prayed for damages to compensate her for her expenses and loss of services stemming from the pregnancy, and also for the costs of raising and providing for the child until the age of emancipation. Defendant moved to dismiss the complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)6), and the trial court allowed the motion. From that dismissal plaintiffs appeal.

*J. Harvey Turner, for the plaintiffs.*

*Marshall, Williams, Gorham & Brawley, by Ronald H. Woodruff, for the defendant.*

MARTIN (Robert M.), Judge.

The only question presented by the appeal is whether the court erred in granting defendant's motion to dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

In discussing Rule 12(b)(6), Justice Sharp, in *Sutton v. Duke,* 277 N.C. 94, 105-06, 176 S.E. 2d 161, 168 (1970), stated:

> At the beginning of this opinion we noted that the motion to dismiss, which tested "the legal sufficiency of the complaint," performed a function of the demurrer under the former practice. The motion to dismiss, however, will be allowed *only* when, under the former practice, a demurrer would have been sustained because the complaint affirmatively disclosed that the plaintiff had no cause of action against the defendant.

In *White v. White,* 296 N.C. 661, 667, 252 S.E. 2d 698, 702 (1979), Justice Exum stated:

> The only purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the pleading against which it is directed. [Citation omitted] In deciding such a motion the trial court is to treat the allegations of the pleading it challenges as true. [Citation omitted] "The function of a motion to dismiss is to test the law of a claim, not the facts which support it." *Niece v. Sears, Roebuck & Co.,* 293 F. Supp. 792, 794 (N.D. Okla. 1968) (applying Federal Rule 12(b)(6)). Resolution of evidentiary conflicts is thus not within the scope of the Rule.

In *O'Neill v. Bank,* 40 N.C. App. 227, 232, 252 S.E. 2d 231, 235 (1979), speaking through Hendrick, J., we held:

> In North Carolina a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. A complaint may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim, or in the disclosure of some fact that will necessarily defeat the claim. A complaint should not be dismissed for insufficiency unless it appears to

a certainty that plaintiff is entitled to no relief upon any state of facts that could be proved in support of the claim. [Citations omitted]

*See Alltop v. Penney Co.*, 10 N.C. App. 692, 179 S.E. 2d 885, *cert. denied* 279 N.C. 348, 182 S.E. 2d 580 (1971).

The action is basically one for medical malpractice, sounding in negligence and breach of contract. Plaintiffs' complaint adequately stated a claim for relief cognizable under existing legal principles of this jurisdiction. Similar complaints, alleging negligence and breach of contract, have been found sufficient in other jurisdictions. *Jackson v. Anderson* (Fla. App.) 230 So. 2d 503 (1970); *Martineau v. Nelson* (Minn.) 247 N.W. 2d 409 (1976); *Vaughn v. Shelton* (Tenn. App.) 514 S.W. 2d 870 (1974).

It was improper to dismiss the action on defendant's Rule 12(b)(6) motion.

Reversed.

Judges HEDRICK and WELLS concur.

Judge WELLS concurring.

To the extent to which the majority opinion recognizes plaintiffs' claim for relief for recovery of fees paid to defendant, expenses incurred due to pregnancy and the delivery of the child, and for pain and suffering to the feme plaintiff due to the pregnancy and birth, occasioned or contributed to by defendant's negligence or breach of contract, I concur.