VARONICA L. JACKSON AND RUFUS H. JACKSON v. HEATH D. BUMGARD-
NER

No. 8411SC6

(Filed 6 November 1984)

1. **Infants § 3— distinctions—wrongful pregnancy—wrongful life—wrongful birth**

An action for wrongful pregnancy is brought by the parents of a healthy but unplanned child, an action for wrongful birth is brought by the parents of an impaired child, and an action for wrongful life is brought by or on behalf of the impaired child.

2. **Physicians, Surgeons and Allied Professions § 12.1— wrongful pregnancy— 12(b)(6) dismissal improper**

The trial court should not have dismissed the plaintiffs' wrongful pregnancy claim for failure to state a cause of action. Wrongful pregnancy is a cause of action recognized in North Carolina in *Pierce v. Piver*, 45 N.C. App. 111, it is not dependent on whether the method of birth control is permanent or temporary, and it does not present problems incapable of resolution in the course of traditional tort litigation.

3. **Physicians, Surgeons and Allied Professions § 11.2— action for wrongful pregnancy—not based on guaranteed result**

Plaintiffs' action for wrongful pregnancy was not a suit upon a guaranteed result prohibited by G.S. 90-21.13(d) because plaintiffs alleged that defendant totally failed to perform his promise rather than that he guaranteed his performance to yield a specific result.

4. **Physicians, Surgeons and Allied Professions § 21— wrongful pregnancy—father's right to seek damages**

A father shares a mother's right to seek damages for negligent wrongful conception or pregnancy because (1) he is directly affected emotionally and financially by the birth of the unplanned child and (2) he shares the legal obligation to provide for the child's care and support, should damages for the latter be awarded.

5. **Physicians, Surgeons and Allied Professions § 21— wrongful pregnancy—damages**

Although the question of damages for wrongful pregnancy was not presented or reached, three views were noted: (1) damages relating to pregnancy and childbirth, (2) the costs of unsuccessful medical procedures, economic loss from pregnancy, and economic, physical and emotional costs attendant to birthing and rearing the child, (3) all damages flowing from the wrongful act, offset by the benefits of having a healthy child.

Chief Judge VAUGHN dissenting.

APPEAL by plaintiffs from *Bailey, Judge.* Order entered 17 November 1983 in Superior Court, HARNETT County. Heard in the Court of Appeals 15 October 1984.

Plaintiffs brought an action for medical malpractice and wrongful conception or wrongful pregnancy, arising from defendant's alleged negligent failure to maintain in place or reinsert an intrauterine device. The court granted defendant's motion pursuant to G.S. 1A-1, Rule 12(b)(6) to dismiss the complaint. Plaintiffs appeal.

*Nance, Collier, Herndon & Wheless, by James R. Nance, Jr., for plaintiff appellants.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Samuel G. Thompson and Jodee Sparkman King, for defendant appellee.*

WHICHARD, Judge.

In pertinent part, the complaint alleges the following:

Plaintiff-wife consulted defendant, a licensed physician, concerning uterine bleeding. Defendant performed on plaintiff-wife a dilation and curettage (D and C) of the uterus and a biopsy of the cervix. At the time of consultation and surgery plaintiff-wife was protected by a contraceptive intrauterine device (IUD) which defendant agreed to maintain in place or, if necessary, reinsert.

Three months later plaintiff-wife again consulted defendant concerning an ovarian cyst, and defendant performed exploratory surgery. At that time defendant reassured plaintiff-wife that she would continue to be protected by the intrauterine device. When plaintiff-wife became pregnant some months later, plaintiffs learned that the intrauterine device had not been maintained in place or reinserted. Plaintiff-wife gave birth to a healthy child.

Plaintiffs allege contract and negligence claims against defendant. They seek to recover medical expenses of plaintiff-wife and the child and the cost of rearing the child to maturity.

The trial court dismissed the complaint for failure to state a claim upon which relief can be granted. We reverse.

## I.

[1]   An action for wrongful conception or wrongful pregnancy is generally brought by parents of a healthy, but unplanned, child against a physician or other health care provider for negligently performing a sterilization procedure or an abortion, or against a pharmacist or pharmaceutical manufacturer for negligently filling a contraceptive prescription. *See Phillips v. United States*, 508 F. Supp. 544, 545 n. 1 (D.S.C. 1981); *see generally* Holt, *Wrongful Pregnancy*, 33 S.C.L. Rev. 759 (1983). This action is to be distinguished from one for wrongful birth, which is generally brought by parents of an impaired child who claim that but for the negligence of the physician or other health care provider they would not have conceived or would have terminated the pregnancy. *Id. See generally* Rogers, *Wrongful Life and Wrongful Birth: Medical Malpractice in Genetic Counseling and Prenatal Testing*, 33 S.C.L. Rev. 713 (1982). A third action, for wrongful life, is generally brought by or on behalf of the impaired child. *See Harbeson v. Parke-Davis, Inc.*, 98 Wash. 2d 460, 478-83, 656 P. 2d 483, 494-97 (1983). While judicial adherence to this terminology has not been uniform, *see* Annot. 83 A.L.R. 3d 15 (1978), we write on a clean slate and are free to use the more precise language.

[2]   Although the terms themselves have not been used, this Court has recognized a wrongful conception or wrongful pregnancy claim alleging medical malpractice and "sounding in negligence and breach of contract." *Pierce v. Piver*, 45 N.C. App. 111, 113, 262 S.E. 2d 320, 321-22 (1980). In *Pierce* the trial court granted a motion to dismiss plaintiffs' claims for damages for the birth of a healthy child after an allegedly negligently performed tubal ligation. This Court reversed, stating: "Plaintiffs' complaint adequately state[s] a claim for relief cognizable under existing legal principles of this jurisdiction. Similar complaints, alleging negligence and breach of contract, have been found sufficient in other jurisdictions." (Citations omitted.) *Id.*, 262 S.E. 2d at 322.

Defendant contends that *Pierce* is not applicable when, as here, the alleged malpractice concerns the failure to insert a temporary birth control device. We disagree and hold that *Pierce* controls.

## II.

No rational basis exists for distinguishing between temporary and permanent methods of birth control for the purpose of determining whether a complaint states a claim for wrongful conception or wrongful pregnancy. "The United States Supreme Court in *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed. 2d 147 (1973), and *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed. 2d 510 (1965), has recognized that a woman has the right to plan the size of her family." *Fulton-DeKalb Hosp. Authority v. Graves*, 252 Ga. 441, 442, 314 S.E. 2d 653, 654 (1984). This right is not dependent upon the choice of the means of birth control. Thus, pharmacists and pharmaceutical manufacturers are held liable for negligently filling prescriptions for temporary contraceptives when births result. *See Troppi v. Scarf*, 31 Mich. App. 240, 187 N.W. 2d 511 (1971) (action for wrongful conception where pharmacist negligently supplied tranquilizers instead of birth control pills).

We perceive no compelling reason to limit a patient's right to non-negligent health care to situations in which the patient chooses sterilization over the surgical insertion of an intrauterine device. Defendant acknowledges that negligent insertion or removal of an intrauterine device would be actionable if "injuries result." Injury does result, in a legal sense, from the birth of an unplanned child.

This action is simply a species of malpractice which allows recovery from a tortfeasor in the presence of an injury caused by intentional or negligent conduct. *Fulton-DeKalb Hosp. Authority v. Graves*, 252 Ga. at 443, 314 S.E. 2d at 654. An avoidable pregnancy resulting from negligent medical care is a recognizable injury. "[A] ruling that no recognizable cause of action could exist under such circumstances would leave the medical profession virtually immune from liability for improper treatment of patients justifiabl[y] seeking to avoid pregnancy." *Coleman v. Garrison*, 327 A. 2d 757, 761 (Del. Super. 1974).

## III.

Defendant contends that a claim for relief for failure to insert an intrauterine device would open the door to fraudulent claims and that the injury is remote from the negligence. We note only

that courts and juries have the ability to distinguish between meritorious and nonmeritorious claims, and that it is difficult to see how a negligent omission to insert an intrauterine device could be considered remote from a resulting pregnancy. Defendant's arguments, dealt with only briefly here, present problems capable of solution in the course of traditional tort litigation. *See* Note, "Wrongful Birth: A Child of Tort Comes of Age," 50 U. Cin. L. Rev. 65, 73-74 (1981); *see also University of Ariz. v. Superior Court*, 136 Ariz. 579, 582-83, 667 P. 2d 1294, 1297-98 (1983). For that reason and the reasons noted, we reject them.

IV.

[3]   G.S. 90-21.13(d), raised by defendant as a defense, is inapplicable. It provides that

> [n]o action may be maintained against any health care provider upon any guarantee, warranty or assurance as to the result of any medical, surgical or diagnostic procedure or treatment unless . . . in writing and signed by the provider or by some other person authorized to act for or on behalf of such provider.

This is not a suit upon a guaranteed result. Plaintiffs do not allege that defendant guaranteed his performance to yield a specific result; rather, they allege that he totally failed to perform as he promised.

V.

[4]   Defendant's claim that plaintiff-husband has no standing to bring a wrongful pregnancy action is without merit. This Court implicitly recognized the husband's standing in such an action in *Pierce*, 45 N.C. App. 111, 262 S.E. 2d 320. As in actions for wrongful birth, a father shares a mother's right to seek damages for negligent wrongful conception or pregnancy because (1) he is directly affected emotionally and financially by the birth of the unplanned child and (2) he shares the legal obligation to provide for the child's care and support, should damages for the latter be awarded. *See DiNatale v. Lieberman*, 409 So. 2d 512 (Fla. Dist. Ct. App. 1982) (holding that the father's right is not dependent on the mother's cause of action but is his individually).

## VI.

[5] We are not presented with and do not reach the more difficult question of the measure of damages. As guidance to the trial court, however, we note authorities indicating that the law will recognize at least some types of damage which result from unplanned conception or pregnancy caused by the negligence of another. *See* Tort Liability for Wrongfully Causing One to Be Born, 83 A.L.R. 3d 15, 29 (1978). Three views predominate. *See generally, University of Ariz. v. Superior Court*, 136 Ariz. at 582-86, 667 P. 2d at 1297-1301 (1983). The first line of authority limits damages to those which relate to the pregnancy and childbirth. *See Boone v. Mullendore*, 416 So. 2d 718, 721 (Ala. 1982); *see also Pierce*, 45 N.C. App. at 113, 262 S.E. 2d at 322 (Wells, J., concurring). The second, a minority view characterized as the "full damage" rule, allows the cost of unsuccessful medical procedures, economic loss from pregnancy, and economic, physical and emotional cost attendant to birthing and rearing the child. See *Bowman v. Davis*, 48 Ohio St. 2d 41, 356 N.E. 2d 496 (1976); *Custodio v. Bauer*, 251 Cal. App. 2d 303, 59 Cal. Rptr. 463 (1967). The third allows recovery of all damages which flow from the wrongful act, offset by the benefits of having a healthy child. *Troppi v. Scarf*, 31 Mich. App. at 254-57, 187 N.W. 2d at 517-19.

It was improper to dismiss the action on defendant's Rule 12(b)(6) motion. The order is accordingly reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

Judge JOHNSON concurs.

Chief Judge VAUGHN dissents.

Chief Judge VAUGHN dissenting.

In my view the trial judge properly allowed defendant's motion to dismiss.