Plaintiff-appellant Alicia Hester, through her next friend Lawrence Hester, appeals the trial court's dismissal of her claim against defendants-appellees Leela Dwivedi, M.D., and Luis Saldana, M.D. We affirm the decision of the trial court.
Alicia alleged that Drs. Dwivedi and Saldana failed to interpret properly the results of tests taken while she wasin utero, which showed that Alicia would be born with severe and debilitating birth defects. Alicia's parents testified that if the physicians had informed them at the time the tests were performed that Alicia would be born with birth defects, they would have terminated the pregnancy. Alicia was born with spina bifida. Alicia's parents brought claims on their own behalf against the physicians, but this appeal concerns only Alicia's claim for damages.
Alicia claims that she is entitled to recover the extraordinary expenses that she will incur in her lifetime as a result of the doctors' failure to detect the likelihood that she would be born with birth defects. Alicia argues strenuously that her claim is not a traditional "wrongful-life" claim, that is, it is not a claim that but for the doctors' negligence, she would never have been born, and that she is therefore entitled to recover the costs associated with living. Rather, Alicia claims that she is seeking the extraordinary expenses that she will incur because she was born with birth defects.
Ohio has not yet recognized a cause of action for "wrongful life." Such a claim is usually brought on behalf of a child born to parents who had attempted to be surgically sterilized. The child claims that if the physician had not negligently performed the sterilization, he or she would not have been born, and therefore would not be required to incur the expenses of living. The Supreme Court of Ohio has noted the general "reluctance" of courts to entertain these claims, because they force courts to attempt the impossible: to weigh the relative value of being alive against the costs associated with living.[1]
Although Alicia claims that hers is not a traditional "wrongful life" claim, it does not appear that her claim against the physicians can be based on anything other than the fact of her being born. The alleged negligence of the doctors resulted in Alicia being born, for if they had properly interpreted the test results, Alicia's parents claim, they would have terminated the pregnancy and Alicia would not be here today. The alleged negligence of the physicians did notcause Alicia's birth defects; rather, their negligence caused her to be alive, and incidental to that life are the disabilities that have developed for a reason unrelated to the doctors' treatment of her mother.
As the Supreme Court of Ohio stated in Anderson v. StFrancis-St. George Hosp., "In reality, a claim for wrongful living is a damages concept, just as a claim for 'wrongful whiplash' or 'wrongful broken arm,' and must necessarily involve an underlying claim of negligence or battery. A negligence claim requires proof of the following elements: duty, breach of duty, causation and damages."[2] Alicia does not claim that the physicians' negligence caused her to have birth defects; she claims that their negligence caused her to be born, for, if her parents had known of the probability of such defects, they would not have allowed Alicia to be born. Thus, no matter how Alicia frames her claim, she is essentially seeking damages for being born, since that is the only result of the physicians' alleged negligence.
Even if Alicia is correct that hers is not a claim for wrongful life, she admits that Ohio has not recognized the cause of action she asserts. We do not believe that the state of the law on this issue in Ohio warrants recognition of such a cause of action by this court.[3] If such a claim is to be recognized in Ohio, we believe that the change must come from the Ohio Supreme Court or from the legislature. Accordingly, we hold that the trial court properly dismissed Alicia's claim. The judgment of the trial court is affirmed.
Judgment affirmed.
DOAN, P.J., and PAINTER, J., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] See Bowman v. Davis (1976), 48 Ohio St.2d 41, 45,356 N.E.2d 496, 499, fn. 3; Johnson v. Univ. Hospitals of Cleveland
(1989), 44 Ohio St.3d 49, 58, 540 N.E.2d 1370, 1378; Andersonv. St. Francis-St. George Hosp. (1996), 77 Ohio St.3d 82,671 N.E.2d 225.
[2] Anderson, 77 Ohio St.3d at 84, 671 N.E.2d at 227 (emphasissic).
[3] See, also, Flanagan v. Williams (1993), 87 Ohio App.3d 768,623 N.E.2d 185 (no cause of action exists by child against physicians for failure to diagnose birth defects, when child alleges that failure to diagnose resulted in parents not terminating the pregnancy).