**[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 586.]**

**SIMMERER ET AL., APPELLANTS, *v.* DABBAS, APPELLEE, ET AL.**

**[Cite as *Simmerer v. Dabbas*, 2000-Ohio-232.]**

*Torts—Negligence—Medical expenses and emotional distress damages associated with a child's birth defect are not recoverable in a wrongful pregnancy action, when.*

Medical expenses and emotional distress damages associated with a child's birth defect are not recoverable in a wrongful pregnancy action, when the child's birth defect was not reasonably foreseeable by the defendant who negligently performed the sterilization procedure.

(No. 99-1570—Submitted May 10, 2000—Decided September 6, 2000.)

APPEAL from the Court of Appeals for Summit County, No. 18718.

————————————

{¶ 1} Following the birth of their second child, appellants, James and Theresa Simmerer, decided that Theresa would undergo a permanent sterilization procedure. Appellee Mohamed Dabbas, M.D.,[1] negligently performed the procedure, however, and Theresa Simmerer gave birth to a third child, Steven. Steven suffered from a congenital heart defect and died at approximately fifteen months.

{¶ 2} The Simmerers, on behalf of themselves and Steven, sued Dabbas and others for medical malpractice. They alleged, *inter alia*, that Dabbas had negligently failed to sterilize Theresa. Their damages, they asserted, included their pregnancy-related costs, Theresa's pain, suffering, and lost wages during pregnancy and delivery, Steven's medical bills, and emotional suffering as a result of caring for Steven. The Simmerers and Dabbas settled out of court on the issues

———————————

1. Dabbas has conceded that he negligently performed the sterilization procedure.

of the Simmerers' pregnancy-related damages. Their claims for emotional distress and for Steven's medical bills, however, remained pending, and were the subject of a motion for summary judgment by Dabbas, which the trial court granted.

{¶ 3} The Simmerers appealed the summary judgment decision that foreclosed the nonpregnancy-related damages. The court of appeals affirmed the judgment of the trial court, holding that the Simmerers had failed to establish that Dabbas's negligence was a proximate cause of the medical expenses and emotional distress associated with Steven's heart defect.

{¶ 4} The cause is now before this court pursuant to the allowance of a discretionary appeal.

———————————

*Perantinides & Nolan Co., L.P.A., Paul G. Perantinides* and *Christopher L. Parker,* for appellants.

*Weston Hurd Fallon Paisley & Howley L.L.P., Mark O'Neill* and *Gary A. Vick,* for appellee.

———————————

**COOK, J.**

{¶ 5} The question raised by this case is whether damages associated with parenting a child born with a birth defect are recoverable in a wrongful pregnancy action stemming from a negligently performed sterilization procedure, when the doctor who performed the unsuccessful sterilization procedure could not have reasonably foreseen the birth defect. We hold that they are not.

## I. Classification of This Action

{¶ 6} To put this case in context, we first categorize the typical birth-based medical malpractice actions. In a *wrongful pregnancy* action, one or both parents of a child born following a negligently performed sterilization procedure bring suit for the costs of having an unplanned child. *Johnson v. Univ. Hosp. of Cleveland* (1989), 44 Ohio St.3d 49, 51, 540 N.E.2d 1370, 1372. Most United States

jurisdictions recognize this cause of action. Smith-Groff, Wrongful Conception: When an Unplanned Child Has a Birth Defect, Who Should Pay the Cost? (1996), 61 Mo.L.Rev. 135, 138. In a *wrongful birth* action, the parents of an unhealthy child born following negligent genetic counseling or negligent failure to diagnose a fetal defect or disease bring suit for the costs of having to raise and care for an impaired child, arguing that they were wrongfully deprived of the ability to avoid or terminate a pregnancy to prevent the birth of a child with the defect or disease. *Johnson,* 44 Ohio St.3d at 51, 540 N.E.2d at 1372. The legitimacy of this cause of action has not yet been addressed by this court, but has been recognized by Ohio's Fourth District Court of Appeals in *Flanagan v. Williams* (1993), 87 Ohio App.3d 768, 623 N.E.2d 185. Finally, in a *wrongful life* action, an unhealthy child born following either a negligently performed sterilization of one of his or her parents[2] or negligent genetic counseling or testing[3] argues that he or she has been damaged by being born at all. This court has rejected this cause of action,[4] as have most other jurisdictions.[5]

**{¶ 7}** The parties here seem to agree in the briefing to this court, and we concur, that this case is an action sounding in wrongful pregnancy only, based on the definitions outlined above. The only negligence alleged is that Dabbas failed to sterilize Theresa though he attempted to perform a sterilization procedure. The fact that Steven was not born healthy does not convert this action into one for wrongful birth, as we have defined that (consistent with the weight of authority) as

---

2. *Johnson, supra,* 44 Ohio St.3d at 51, 540 N.E.2d at 1372.

3. *Garrison v. Foy* (Ind.App.1985), 486 N.E.2d 5, 7.

4. See *Hester v. Dwivedi* (2000), 89 Ohio St.3d 575, 733 N.E.2d 1161 ("Judges and jurors are no more able to judge the value of a life with disabilities versus nonbeing than they are able to judge the value of life in a 'normal' condition [however that might be defined] versus nonbeing.").

5. See Strasser, Wrongful Life, Wrongful Birth, Wrongful Death, and the Right to Refuse Treatment: Can Reasonable Jurisdictions Recognize All But One? (1999), 64 Mo.L.Rev. 29.

involving negligent genetic counseling or negligent failure to diagnose a fetal defect.

## II. Law and Discussion

{¶ 8} Across the United States, courts have recognized four general theories of recovery in wrongful pregnancy cases. They are (1) full recovery, which includes pregnancy-related damages as well as reasonable child-rearing costs, (2) limited damages, in which only damages related to the failed sterilization, pregnancy, and birth are recoverable, (3) the benefits rule, which allows full recovery offset by the benefits to the parent(s) of having and raising the child, and (4) no recovery. *Johnson, supra*, 44 Ohio St.3d at 52-57, 540 N.E.2d at 1372-1377; Simmons, *Zehr v. Haugen* and the Oregon Approach to Wrongful Conception: An Occasion for Celebration or Litigation? (1995), 31 Willamette L.Rev. 121, 127-135.

{¶ 9} In *Johnson,* where we considered the birth of a healthy child following a negligent sterilization, this court adopted a limited-damages rule for wrongful pregnancy actions in Ohio. *Johnson, supra*, at paragraph two of the syllabus. We held that the plaintiffs could recover the medical costs of the pregnancy and delivery, damages for emotional distress due to pregnancy, lost wages due to pregnancy, damages for the husband's loss of consortium during pregnancy, and damages for the mother's pain and suffering during pregnancy and delivery. *Id.* at 58-59, 540 N.E.2d at 1378, fn. 8. Our decision foreclosed recovery of the costs of raising the child, however, given "Ohio's public policy that the birth of a normal, healthy child cannot be an injury to her parents." *Id.* at paragraph two of the syllabus.

{¶ 10} The Simmerers invite this court to expand the damages recoverable in a wrongful pregnancy action when the resulting child is born with birth defects, as Steven was. They argue that, even if, under *Johnson*, normal child-rearing costs are not recoverable, they are entitled to recover the extraordinary costs and damages

associated with Steven's heart defect. Dabbas, on the other hand, argues that this court should follow the reasoning in *Simmons v. Hertzman* (1994), 99 Ohio App.3d 453, 651 N.E.2d 13, in which the First District Court of Appeals held that the plaintiffs, who had given birth to a child with severe abnormalities, could not recover the extraordinary costs associated with raising that child because (1) child-rearing costs are not recoverable regardless of whether a child is "healthy" or "abnormal," because everyone has some kind of abnormality and, hence, the distinction is too difficult to draw, and (2) the negligent sterilization did not proximately cause the child's abnormalities. *Id.* at 458-459, 651 N.E.2d at 17.

{¶ 11} The majority rule favors Dabbas's position. It is axiomatic that a medical negligence claim requires a showing of duty, breach of that duty, and damages proximately caused by the breach. See *Hester v. Dwivedi* (2000), 89 Ohio St.3d 575, 578, 733 N.E.2d 1161, 1164. Courts deciding cases like this one have generally held that, although a negligently performed sterilization is a proximate cause of a subsequent birth, it is not a proximate cause of the birth defect and, therefore, the negligent doctor cannot be held liable for the costs associated with that defect. See, *e.g.*, *Williams v. Univ. of Chicago Hosps.* (1997), 179 Ill.2d 80, 227 Ill.Dec. 793, 688 N.E.2d 130; *Williams v. Van Biber* (Mo.App.1994), 886 S.W.2d 10; *Pitre v. Opelousas Gen. Hosp.* (La.1988), 530 So.2d 1151, 1158; *Garrison v. Foy* (Ind.App.1985), 486 N.E.2d 5, 10; *LaPoint v. Shirley* (W.D.Tex.1976), 409 F.Supp. 118.[6]

{¶ 12} The Supreme Court of Illinois decided a case in 1997 that is directly on point. That court, in a well-reasoned opinion, held that the parents of a child born with attention deficit hyperactivity disorder could not recover for the extraordinary expenses of raising a child with that affliction because any negligence

---

6. But, see, *Fassoulas v. Ramey* (Fla.1984), 450 So.2d 822 (extraordinary expenses of raising deformed child recoverable in wrongful pregnancy action); *Emerson v. Magendantz* (R.I.1997), 689 A.2d 409, 414 (approving the reasoning in *Fassoulas*).

in the performance of the failed sterilization procedure was not a proximate cause of the disorder. See *Williams v. Univ. of Chicago Hosps., supra,* 179 Ill.2d 80, 227 Ill.Dec. 793, 688 N.E.2d 130. That court noted that the case before it did not involve an allegation that the defendants "knew that [the mother] sought sterilization as a means of avoiding the conception of a child with the particular defect involved here," and left for another day the question of whether, given such knowledge by the defendants, the parents would be able to recover the expenses they sought. *Id.* at 87, 227 Ill.Dec. at 797, 688 N.E.2d at 134. The *Williams* court then concluded that "proximate cause [cannot] be established in the absence of allegations forging a closer link between the defendant's negligence and the eventual birth of the defective child." *Id.* The court went on to discuss the concept of proximate cause and its application to the case before it:

"In *Neering v. Illinois Central R.R. Co.*, 383 Ill. 366, 380, 50 N.E.2d 497 (1943), this court stated:

" 'What constitutes proximate cause has been defined in numerous decisions, and there is practically no difference of opinion as to what the rule is. The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act. [Citations.]'

"Thus, '[i]f the result is one that an ordinarily prudent person would have foreseen as likely to occur, then the party will be held responsible, even if the precise injury which resulted is not foreseen.' *Scott & Fetzer Co. v. Montgomery Ward & Co.*, 112 Ill.2d 378, 393, 98 Ill.Dec. 1, 493 N.E.2d 1022 (1986).

"We do not believe that the plaintiffs can establish that the defendant's conduct was a proximate cause of their injury, for under the allegations in this case the plaintiffs' injury cannot be said to be of such a character that an ordinarily

prudent person should have foreseen it as a likely consequence of the alleged negligence. The plaintiffs do not allege that any act or omission by the defendants caused the child's condition, that the defendants knew of the possibility that a child conceived in the wake of a failed operation would suffer from a particular defect, or even that the parents were seeking to avoid a specific risk and that the defendants were aware of that, assuming that allegations of that nature would be a sufficient basis for liability." *Williams v. Univ. of Chicago Hosps.,* 179 Ill.2d at 87-88, 227 Ill.Dec. at 797, 688 N.E.2d at 134.

{¶ 13} We find the reasoning in *Williams* persuasive, and, accordingly, reject the Simmerers' assertion that Steven's heart condition was a reasonably foreseeable result of Dabbas's negligence. Even accepting as true their statement that a negligently performed sterilization *may* lead to the conception and birth of an unhealthy child, it would not establish proximate cause, as "proximate cause" contemplates a "probable" or "likely" result, not merely a "possible" one. Furthermore, the Simmerers' "but for" argument—that Steven's heart defect would not have existed but for Dabbas's negligence—is insufficient to establish proximate cause. A "but for" test is, at most, " 'a rule of exclusion: if the event would not have occurred "but for" the defendant's negligence, it still does not follow that there is liability, since other considerations remain to be discussed and may prevent liability. It should be quite obvious that, once events are set in motion, there is, in terms of causation alone, no place to stop.' " *Anderson v. St. Francis-St. George Hosp., Inc.* (1996), 77 Ohio St.3d 82, 86, 671 N.E.2d 225, 228, citing Prosser & Keeton, Law of Torts (5 Ed.1984) 266. See, also, *Hester,* 89 Ohio St.3d at 580-581, 733 N.E.2d at 1165.

{¶ 14} According to the Simmerers, this court has already spoken on the issue of recovery of extraordinary expenses associated with a birth defect in a wrongful pregnancy case when it decided *Bowman v. Davis* (1976), 48 Ohio St.2d 41, 2 O.O.3d 133, 356 N.E.2d 496. But the Simmerers have misunderstood that

case. In *Bowman*, the parents of twins born after a negligently performed sterilization procedure sued for pregnancy-related damages, damages to the family "due to 'the change in the family status,' " child-rearing costs of raising the twins, and the extraordinary costs of raising one of the twins, who was born with major birth defects. *Id.* at 42, 2 O.O.3d at 134, 356 N.E.2d at 497. The jury awarded a *general* verdict of $450,000, untested by interrogatories, and the issue on appeal was whether an action in wrongful pregnancy in general was barred on public policy grounds—not whether the kinds of damages sought were recoverable. This court's affirmance of the verdict, therefore, was not an approval of extraordinary costs. Furthermore, the general nature of the verdict renders it unclear whether any part of the damage award was for extraordinary costs. The Simmerers' argument, therefore, that *Bowman* constitutes a previous statement by this court that post-pregnancy extraordinary costs associated with birth defects are recoverable in a wrongful pregnancy action is without merit. See, also, *Hester, supra*, 89 Ohio St.3d at 579, 733 N.E.2d at 1164 ("Our holding [in *Bowman*] was confined to a determination that public policy did not preclude parents from bringing an action in tort against medical providers following a negligently performed and unsuccessful sterilization procedure.").

{¶ 15} The Simmerers also point to *Flanagan,* 87 Ohio App.3d 768, 623 N.E.2d 185, to support their position. In that case, the Fourth District Court of Appeals, in addition to recognizing wrongful birth as a legitimate cause of action in Ohio and rejecting wrongful life, concluded that, based on this court's statement in *Johnson* that child-rearing costs for a "normal, healthy" child are not recoverable in a wrongful pregnancy action, extraordinary costs associated with birth defects *would* be recoverable in such an action. *Id.* at 773, 623 N.E.2d at 188. Based on our analysis of this case, however, we conclude that the Fourth District's interpretation of *Johnson* was incorrect.

### III. Conclusion

8

{¶ 16} For the above reasons, we hold that medical expenses and emotional distress damages associated with a child's birth defect are not recoverable in a wrongful pregnancy action, when the child's birth defect was not reasonably foreseeable by the defendant who negligently performed the sterilization procedure.

*Judgment affirmed.*

MOYER, C.J., and LUNDBERG STRATTON, J., concur.

PFEIFER, J., concurs in syllabus and judgment only.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

———————————

**PFEIFER, J., concurring in syllabus and judgment only.**

{¶ 17} I concur to make clear that the causal chain was too extended in this case for the negligent doctor to be liable for damages related to Steven Simmerer's heart defect. However, if the Simmerers had sought a permanent sterilization in order to prevent the birth of a child who might be especially at risk for birth defects, I would hold differently. In that instance, I believe there would be enough of a direct link to the child's condition that the doctor who negligently performed the sterilization procedure could be held liable.

———————————

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 18} I would reverse the judgment of the court of appeals and remand this cause to the trial court. I believe that, under the standards of Civ.R. 56(C), appellants have succeeded in raising a jury question on their claim for medical damages. This case is distinguishable from *Johnson v. Univ. Hosp. of Cleveland* (1989), 44 Ohio St.3d 49, 540 N.E.2d 1370, in that this case does not involve a "normal, healthy child." See *id.* at paragraph two of the syllabus.

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

———————————