{¶ 16} I concur in the decision and analysis reached by my colleagues. However, I write separately to address the reasoning the trial court relied on when granting summary judgment for appellees.
 {¶ 17} The trial court in granting summary judgment stated, "Defendant's, Eranco Business Brokers Frances Ollila and Ronald Polinsky, motion for summary judgment against both Plaintiff and Defendant, Teana L. Fletcher, in the above captioned case is hereby granted as Eranco's waiver was validly executed and precludes the instant claims against them by all parties to this suit." 12/13/04 J.E.
 {¶ 18} In my opinion this was not a proper reason for granting summary judgment. The liability release in question did not express Eranco's intent in clear and unequivocal terms.
 {¶ 19} The liability release in question stated the following: "The parties jointly and severally hereby expressly release and waive any and all claims, demands, and causes of action against Eranco, Inc., dba Eranco Business Brokers and against Eranco Associates Real Estate and its agents arising out of the sale of the business purchased herein."
 {¶ 20} Eranco had both parties sign this release form.
 {¶ 21} The Ohio Supreme Court has held "indemnity agreements purporting to release a party from the consequences of his negligence and failing to express that intent in `clear and unequivocal' terms to be unenforceable." Bowman v. Davis
(1976), 48 Ohio St.2d 41, 44, citing Kay v. Pennsylvania Rd.Co. (1952), 156 Ohio St. 503.
 {¶ 22} In Bowman, the Ohio Supreme Court was considering a case involving a hospital consent form. It was the observation of the Supreme Court that, although the consent form was not an indemnity agreement, it appeared to have been designed to release the hospital and attending physicians from the consequences of their negligence. The form however, did not specifically mention release from liability for negligence. The Ohio Supreme Court set the agreement aside because the intent of the indemnitee was not set out in "clear and unequivocal" terms. Id. at 44.
 {¶ 23} In the matter at hand, the release is similar to the one in Bowman in that the release appears to have been designed to release Eranco from liability for the consequences of their actions. Also similar to Bowman, is the fact that the form does not specifically mention release from liability for negligence.
 {¶ 24} Thus, the release was not valid. While, Eranco argues two things to suggest that it is valid, I find these arguments unpersuasive.
 {¶ 25} First, Eranco argues that the Hornungs may not raise the issue of intent on appeal when they did not raise it in the trial court. However, this is an incorrect assertion. Eranco raised the issue of liability release as an affirmative defense. In Hornungs' response to the motion for summary judgment, the Hornungs responded to this defense by raising the issues of clear and unequivocal terms, and intent. Thus, the issue is properly before the court on appeal.
 {¶ 26} The next argument of Eranco is based upon Glaspell v.Ohio Edison Co. (1987), 29 Ohio St.3d 44. At issue in Glaspell
was a liability release form that did not specifically release the intended indemnitee from negligence. The Ohio Supreme Court held that the indemnification clause was not to be strictly construed against the drafter so as to exclude claims arising from the drafters own alleged negligence. Id. at 48. This holding however appears to have been based on the fact that both parties were large commercial enterprises each possessing a high degree of sophistication in the matters of contract. Moreover, the record in Glaspell showed that the two parties discussed the terms of the contract and understood the liability issues.
 {¶ 27} Here, Eranco's release form is intended to release them from liability for negligence, but not specifically state that intention. Unlike the parties in Glaspell, nothing in the record here suggests that the parties are large commercial enterprises or that they are sophisticated in the matters of contract. In fact, the record suggests the exact opposite. The Hornungs appear to be individuals attempting to sell their small company. Likewise, Eranco appears to be a small real estate/business brokerage consisting of only a few partners. Furthermore, it is not clear form the record that the parties understood the liability issues surrounding the release document.
 {¶ 28} As such, I would find that the release was not valid. However, this fact does not necessitate a reversal of the judgment of the trial court as there are alternative grounds to support said judgment as heretofore set forth in the opinion to this Court.
 {¶ 29} Even considering all the above, I agree with my colleagues that summary judgment is appropriate for the reasons expressed in that opinion. An appellate court's review of the grant or denial of summary judgment is not confined to the trial court's reasons for granting or denying the motion. A trial court's judgment must be affirmed if any valid grounds are found on review to support it. Joyce v. General Motors Corp. (1990),49 Ohio St.3d 93, 96. Thus, "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof." State ex rel. Carter v.Schotten (1994), 70 Ohio St.3d 89, 92, citing State ex rel.Cassels v. Dayton City School Dist. Bd. of Edn. (1994),69 Ohio St.3d 217, 222.
 {¶ 30} Consequently, while I believe that the trial court's reason to grant summary judgment for appellees is incorrect, I agree with the majority that summary judgment was appropriately granted for appellees for the reasons expressed in the majority opinion.